Rutherford Land and Improvement Co. v. Sanntrock.

*For reversal*—None.

———

The Rutherford Land and Improvement Company, complainant and respondent;

*v.*

Frederick Sanntrock, defendant and appellant.

[Filed June 18th, 1900.]

1. A testator, after ordering debts paid and bequeathing his household furniture, gave the income of his estate to his wife during widowhood, and in case of her remarriage, devoted such income above her dower right to the maintenance and education of his children, who were also made his

residuary beneficiaries. He appointed executors and then provided as follows, viz.: "My real estate, wherever found, I give to my executor and executrix in trust for my estate, giving them full power and authority to dispose of the same at any time, if deemed for the benefit of my estate."— *Held*, that the will gave no power to the executors to mortgage the lands of the testator.

2. Otherwise the rulings of the court of chancery in *44 Atl. Rep. 938*, are approved.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *44 Atl. Rep. 938*.

*Mr. John I. Weller,* for the appellant.

*Mr. Albert I. Drayton* and *Mr. Joseph F. Randolph,* for the respondent.

The opinion of the court was delivered by

COLLINS, J.

In affirming this decree we must disclaim concurrence in the opinion of the learned vice-chancellor that if the mortgage to the Mutual Life Insurance Company, on which respondent's title rests, had been given directly by Mrs. Mohn, the surviving executrix and trustee of Arnold Mohn, instead of by her grantee, the infirmity of whose title was unknown to the company, it would have been perfectly good. This *dictum* of an experienced judge should not be passed *sub silentio.* It is based upon the idea that a general power to "dispose of" lands includes a power to mortgage. I find no decision to that effect. In the United States supreme court a majority of the judges were of opinion that in the phrase "sold or disposed of," the disjunctive words ought not be considered as merely superfluous, and, therefore, that lands mortgaged had been "disposed of;" but Mr. Justice Bradley, for himself and other judges, vigorously dissented, and the very ground of decision excludes the idea of the vice-chancellor, if the words stand alone. A *dictum* in a Pennsylvania case has a like basis (*Gordon* v. *Preston, 1 Watts 385*), but in that state there still obtained the early English rule, long since

modified, that a general power of sale includes a power to mortgage. *Lancaster* v. *Dolan, 1 Rawle 231.* If there are other adjudged cases on the subject they will be found to be peculiar in their circumstances and dependent on the context of the words construed. To "dispose of," imports finality, and only where a power to sell would include a power to mortgage would those words, unmodified or undefined, imply such a power. In this state a general power of sale does not authorize a mortgage. *Ferry* v. *Laible, 3 Stew. Eq. 566.* The modification by this court of the decree advised by Vice-Chancellor Van Fleet in that case was not upon that point. *Laible* v. *Ferry, 5 Stew. Eq. 791.* A power to sell *may* include a power to mortgage, but only because of some exceptional reason, generally where there is a particular charge to which the devise is subject and it is proper to raise money to meet it. *Ferry* v. *Laible, ubi supra.* An illustrative case is *Loebenthal* v. *Raleigh, 9 Stew. Eq. 169,* where Chancellor Runyon authorized a mortgage. The power construed was in these words:

"If it should seem necessary at any time to dispose of a portion of my real estate for the payment of my debts, I hereby give my executors power so to do at either public or private sale."

The rule controlling the subject has been well stated as follows:

"A power for trustees to sell will authorize a mortgage by them, which is a conditional sale, wherever the objects of the trust will be answered by a mortgage; as for instance, where the trust is to pay debts or raise portions. But where the trusts declared of the purchase-money show that the settler contemplates an absolute conversion of the estate, a mortgage will be an improper execution of the power." *Hill Trust. 475.*

The scheme of the will of Arnold Mohn is very simple. The testator, after ordering paid his debts and funeral expenses and bequeathing to his wife his household furniture, devises to his wife, during widowhood, in lieu of dower, the net income of all his estate, with remainder to his children. Should his widow remarry she is to receive only her dower right and the rest of the income is to be used for the maintenance and education of his

children, who are also made his residuary beneficiaries. He appoints his wife and a friend his executors, and then provides as follows:

"My real estate, wheresoever found, I give to my executor and executrix in trust for my estate, giving them full power and authority to dispose of the same at any time, if deemed by them for the benefit of my estate."

Under such a will there is no reason and therefore no power for the trustees to give a mortgage.

*For affirmance*—The Chancellor, Chief-Justice, Van Syckel, Dixon, Garrison, Lippincott, Gummere, Ludlow, Collins, Bogert, Hendrickson, Adams, Vredenburgh, Voorhees—14.

*For reversal*—None.