This is a suit to quiet title. The lands involved were owned by George A. Watts who died on June 22d 1921, leaving a will in which, after directing the payment of his debts and *Page 372 
the disposition of his household and personal effects, he gave to his wife, Susie A. Watts, the executrix named therein, all of the remainder of his estate, both real and personal, in trust, to hold the same during her life and to pay to herself the net income accruing therefrom. Upon the death of his wife the testator provided that the remainder of his estate was to go to his children living at the death of his said wife in equal shares, the lawful issue of any deceased child living at the death of the said wife to take the parents' share.
The pertinent provisions of the will are:
"Third — All the rest, residue and remainder of my estate, both real and personal, including my homestead, No. 88 Third Ave., Newark, N.J., I give, devise and bequeath to my wife, Susie A. Watts, in trust to hold the same during her lifetime and to pay over to herself and take, during her lifetime, all the net income accruing therefrom.
"Fourth — I give to my said wife, the power, in her discretion, to continue any investments which I may hold at the time of my decease; in her discretion to sell any securities constituting part of said residue, and to invest the proceeds in securities allowed by law; to either occupy or rent my said homestead, and to sell and convey any real estate of which I may die seized, including said homestead, at such time and upon such terms as she may see fit, and to give good and sufficient deeds of conveyance therefor.
"Sixth — Upon the death of my said wife, I give, devise and bequeath said rest, residue and remainder of my estate (in which I have given by this my Will to my wife an estate for her life), to my children, living at the death of my wife, in equal shares, the lawful issue of any deceased child, living at the death of my said wife, to take the parents' share per stirpes."
On February 10th, 1925, Susie A. Watts executed as executrix and trustee, a mortgage in the sum of $5,000 to the defendant Julius Minez, covering land located on Third avenue in the city of Newark, which land was part of testator's estate. Minez assigned the mortgage to Jacob Heller on March 31st, 1926, who, by assignment not recorded, re-assigned the mortgage to Minez. On November 18th, 1931, Susie A. Watts died. The testator's children living at that time and in whom title vested under the will on the death of the said Susie A. Watts were George A. Watts, Jr., William Watts and Susan D. Watts. George and William Watts conveyed their interest in the premises to Susan D. Watts, the complainant herein. *Page 373 
Complainant prays that the rights of the parties in the lands covered by the mortgage may be fixed and determined, and complainant decreed to have a perfect title, and the defendants decreed to execute and deliver to complainant a discharge of the mortgage mentioned.
The complainant contends that the mortgage is ineffective as against the remaindermen; that it was a mortgage on the life estate of the wife only, and became upon her death, ineffective and remains a cloud upon the title of Susan D. Watts, the present owner in fee of the property.
Under the will of the deceased there is created a life tenancy in the widow and it is therein provided that upon her death the residuary estate, including the homestead, should go to his children living at the time of the death of his widow. The property which the mortgage covers was the homestead and the will gives the executrix and trustee power to sell all of the real estate, including the homestead property, but no specific authority is given under the will to mortgage the real estate. Under the will, if the executrix and trustee had sold the property, the proceeds would be held by her as trustee, and the income derived therefrom would be payable to her for life, and upon her death the proceeds would go to the designated children of the decedent.
It is the settled rule in this state that a power to sell lands does not authorize the making of a mortgage. Ferry v. Laible,31 N.J. Eq. 566; affirmed, 32 N.J. Eq. 791.
"In this state a general power of sale does not authorize a mortgage. * * * A power to sell may include a power to mortgage, but only because of some exceptional reason, generally where there is a particular charge to which the devise is subject and it is proper to raise money to meet it." Rutherford Land andImprovement Co. v. Sanntrock (Court of Errors and Appeals),60 N.J. Eq. 471, 473. Nothing appears in the will in the instant matter indicating any reason to bring it within the class of cases where the power to sell includes the power to mortgage.
The decree will be that complainant took the lands and premises free and discharged of the mortgage. *Page 374