W. J. BALDWIN, Administrator of the Estate of Mary Morford, Deceased, v. CHARLES E. MORFORD, Appellant, and A. J. MORFORD, Intervener, Appellee.

**Wills:** CONSTRUCTION: *Estates in fee.* A testator devised all of his real and personal estate to his wife, subject to the payment of his debts, "to have and to hold, enjoy and use, dur-

ing her natural life, with full power to sell and convey for the purpose of paying said debts, and for her own support, comfort and maintenance,'' and the remainder, after the wife's death, he devised to his nephew.  *Held*, that the power of conveyance given to the widow was limited to the payment of debts and for her support, and hence was not sufficient to give the widow a fee, and render the remainder void for repugnancy.

DISPOSAL OF PROPERTY:  *Right of remainder-man.*   Testator devised a life estate to his widow, remainder to intervener and another.   During the widow's life the property was conveyed to the widow's grand-nephew, an infant; the purchase price being paid by the widow.   She took possession of the property, and occupied it as a home during the remainder of her life, and told witnesses that she had purchased the property and deeded it to the child.   She had no other property except that derived from her husband's estate, and there was no evidence tending to show that the consideration for the conveyance was derived from any other source, and at her death there was no other property remaining of the testator's estate.   *Held*, that such property should be treated as a part of a decedent's estate, to which the remainder-men were  entitled.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

FRIDAY, MAY 16, 1902.

APPEAL from a decree of the district court setting aside a deed of real estate.  A statement of the facts will be found in the opinion.—*Affirmed.*

*Ranck & Bradley* and *A. E. Maine* for appellant.

*O. A. Byington* for appellee.

WEAVER, J.—In the year 1884 one John Morford, of Johnson county, Iowa, died testate.  By the terms of the will, which was duly probated, the testator's property was disposed of as follows:  ''(2)  To my beloved wife, Mary Morford, I give, devise, and bequeath, all and singular, my

real and personal estate, of whatever kind and wherever situated, of which I may die seised, subject to the payment of my debts as indicated in the first section hereof; to have and to hold, enjoy and use, during her natural life, with full power to sell and convey for the purpose of paying said debts, and for her own support, comfort, and maintenance, without let or hindrance from any one whatever, and in her own discretion; requesting, however, that the 127-acre tract near the church (sec. 27) be first sold of the lands for said purpose. (3) If after the death of my said wife there should be anything left after the payment of the expenses of her last sickness and funeral expenses, I give and bequeath to my nephew, W. J. Morford, of Dakota territory, the sum of $1,000, and to Mary J. Huff (formerly Posey) the sum of $200, to be paid as soon as may be after the death of my said wife." The widow, Mary Morford, never remarried, and died without issue July 3, 1899. The estate of John Morford was to some extent incumbered by debt, but to what extent is not shown; and it does not appear what amount of property either in kind or value, was received by the widow under the will. It is shown, however, that she had no property in her own right at the date of her husband's death. On December 18, 1888, one Bradley, being the owner of the lot in controversy, conveyed the same to Charles E. Morford, then an infant of tender years. The negotiation for the sale was carried on by the defendant's mother, Stella Morford, and the purchase price, $500, was paid over by her, and at her direction the deed was made to the child. Mrs. Mary Morford was present when the sale and conveyance was made, and on the same date drew $500 from the bank. She also took the deed from the recorder's office, and took possession of the property, occupying it as her home during the remainder of her life. She also told witnesses that she had purchased the property, and had it deeded to the child. The

petition of the intervener in this case is filed by W. J. Morford, the beneficiary named in the third clause of the will, who alleges he has not been paid the legacy therein provided for, that there is no other property or funds out of which it can be paid, and that said property was purchased and paid for by Mary Morford with funds derived from the estate of John Morford, and asks to have the deed to defendant set aside, and the property decreed to belong to the estate of John Morford.   The issue taken by defendant upon this petition is the only controversy before this court.

As to the first question of fact, we think the trial court was fully justified in finding that the lot was paid for, or the money therefor was furnished, by Mary Morford.

It is first contended on the part of the defendant that the will, properly construed, gave to the widow the absolute title to the property left by the testator, and that therefore she had the right to thus dispose of her money. This, in our judgment, cannot be sustained.   It is to be confessed that the authorities are not in harmony upon the construction of wills containing provisions similar to the one now under consideration.   If, however, we look to the latter and more comprehensive reviews of the cases, it will be found that the question has been freed from much of the confusion in which it was formerly enveloped.   The general proposition is now fairly well settled that giving to the first taker a power to sell and dispose of the property, where the power is limited to some particular or specified purpose, does not have the effect to enlarge a life estate into a fee.   Where, however, the language is such that, when given its accepted legal meaning, an absolute devise of the fee is created, a subsequent provision which seeks to limit or restrict the effect of the devise, or reduce the fee to a life tenancy, is void for repugnancy.   *Law v. Douglass*, 107 Iowa, 611; *In re Proctor's Estate*, 95 Iowa, 172.   In the will before us the intent to

create a life estate is too clear for argument, and to hold
that the power given to sell has the legal effect to create a
fee is to allow an arbitrary rule of construction to defeat
the manifest intent of the testator. If, then, we treat the
devise to Mary Morford as a life estate, and find, as we
have above intimated, that she paid the $500 given as a con-
sideration for the conveyance to the defendant, it only re-
mains to inquire whether the money so paid was a part of
the funds or property received by her under the will. Of
this there is no direct evidence. The sisters and relations
of the widow testify that she had no separate estate of her
own, and there is no effort made to account for the posses-
sion of this money by her as being derived from any other
source; and, under all of the present circumstances, there
seems no room for serious doubt that it is traceable to the
estate of John Morford. The power given the widow to
dispose of the property is quite broad. In the language
of the will itself, she was authorized to "sell and convey
* * * without let or hindrance from any one whatever
and in her own discretion"; but it is also expressed that
such power is given "for the purpose of paying [said]
debts, and for her own support, comfort, and mainten-
ance." This does not include authority to dispose of the
estate in whole or in part by gift, and the purchase of the
lot in controversy by her in the name of the defendant
was, in effect, a gift to him of $500. See, directly in point,
*Glover v. Reid*, 80 Mich. 228 (45 N. W. Rep. 91); *Johnson
v. Johnson*, 51 Ohio St. 446 (38 N. E. Rep. 61); and *Shibla
v. Ely*, 6 N. J. Eq. 181. It is shown without dispute that
upon the death of Mary Morford there was left of the prop-
erty received by her only about $250, and that said sum was
exhausted in the expenses of her last sickness and of admin-
istration. The intervener, therefore, has a direct interest
in the property in controversy, as the only visible means
out of which anything can be realized upon his legacy.

The decree of the district court is AFFIRMED