NAOMI SIMPKINS, et al., Appellants, v. JOHN BALES AND MATILDA BALES.

**Wills:** CONSTRUCTION: LIFE INTEREST WITH POWER OF SALE. A will which provides that the property of testator, both real and personal, shall pass to the wife "to be used and enjoyed and disposed of as seemeth the best to her during her natural life or so long as she remains my widow," carries the fee title.

*Appeal from -Van Buren District Court.*—HON. M. A.
ROBERTS, Judge.

SATURDAY, FEBRUARY 13, 1904.

THE petition alleges that Thomas D. Simpkins departed
this life in 1893, and his widow, Phebe Simpkins, some
years later; that seven children were born to him, three of
whom are dead; that one of these and the heirs of two others
have conveyed their interest in the real estate in controversy
to the defendant John E. Bales; that the defendants Matilda
A. Bales and Hester H. James are daughters of deceased;
that the plaintiffs are the widow and heirs of a deceased
son, and together are entitled to one-seventh of the said land,
and pray that their respective shares be set apart and parti-
tion be decreed.    John E. and Matilda A. Bales in their
answer admitted conveyances, and alleged, among other
things, that said Simpkins left a will executed in 1862, which
was admitted to probate shortly after his death; that under
its terms his widow, Phebe, was given power to sell said real
estate, and that in 1897 she conveyed the same to the defend-
ant Matilda A. Bales, and they prayed that title be quieted
in the latter.    To this answer the plaintiffs demurred on the
ground that "Phebe Simpkins took no fee title to the prop-
erty described,  *  *  *  and had no authority to convey the
fee title."  The demurrer was overruled.    Thereafter por-
tions of the pleadings were withdrawn so as to submit the
cause as to all the defendants on the issues of law raised by
the demurrer.   The plaintiffs and Hester H. James elected
to stand on the ruling, and decree was entered quieting title
in the grantee of the testator's widow.   The plaintiffs and
defendant James appeal.—*Affirmed.*

*E. F. Simmons* for appellants.

*Wherry & Walker* for appellees.

LADD, J.—It is conceded that the widow took a life
estate in the land in controversy, and the only question on

this appeal is whether there was annexed thereto the right to sell the remainder. Omitting formal portions, the will reads: "I give and bequeath to my wife, Phebe Simpkins, all my estate both real and personal to be used and enjoyed and disposed of as seemeth the best to her, during her natural life or so long as she remains my widow. After the death of my wife, Phebe Simpkins, or when she ceases to be my widow, I will and bequeath all my property to my children to be equally divided between them." The language leaves no doubt as to the testator's intention. His paramount purpose was evidently to provide for his wife, and to accomplish this he not only gave her the property to use and enjoy, but also to dispose of, should she so elect. There is no ground for saying that it was merely the life interest she might part with, for "to be used, enjoyed, and disposed of" relates back to the estate "both real and personal," which formed the subject-matter of the will. But the exercise of the power is limited to the period of her life or widowhood, and, had she not conveyed to her daughter Matilda, the property would doubtless have passed to the children. She did convey within that period, and title passed to the grantee named in the deed. *Law v. Douglass,* 107 Iowa, 606. *In re Estate of Stumpenhousen,* 108 Iowa, 555; *Spaan v. Anderson,* 115 Iowa, 121; *Podaril v. Clark,* 118 Iowa, 264.—AFFIRMED.