CAROLINE STEIFF ET AL. v. PETER SEIBERT ET AL., Appellants.

**Wills:** LIFE ESTATE: CONSTRUCTION. A life estate will not be enlarged into a fee by an additional power of disposal however broad, where the will contemplates a remainder and provides for its distribution but such portion of the estate as shall be undisposed of at the termination of the life estate will vest in the remaindermen. The will in the instant case is construed and held to create only a life estate with power of disposal. Justices Deemer and Bishop dissenting.

*Appeal from Hancock District Court.*— HON. CLIFFORD P. SMITH, Judge.

WEDNESDAY, NOVEMBER 15, 1905.

ACTION for partition of real estate and construction of a will.— *Affirmed.*

*Oliver Gorden* and *Healy Bros. & Kelleher,* for appellants.

*Ripley & Warner,* for appellees.

McCLAIN, J.— The plaintiffs, Caroline Steiff and Rosina Adams, with whom their husbands are joined, are children of Jacob Seibert and Catherine Seibert, both of whom are now deceased; and the defendants are the three other children of the same parents, the wives of two of them and the husband of the third being joined with them as such. Plaintiffs ask a construction of the will of Jacob Seibert by which the two children plaintiffs and two of the other children who are defendants shall be held to have taken in fee the real estate

of Jacob Seibert described in the will by way of remainder
as devisees under such will, subject to a life estate in the
widow, which has been terminated by her death; while the
defendants contend that under the will the fee passed to the
widow, and that the five children as her heirs are entitled to
partition of the property among them.   The question to be
determined is therefore simply this: Has the title to the
property vested in the four children who are named in the
will as devisees by virtue of the provision of the will, or has
it vested in the five children as heirs in common of the
widow?   And this question is to be answered by determining
whether the will gave a fee-simple estate or only a life estate
to the widow.

The provisions of the will to be construed are as follows:

Item 1.   Subject to the payment of all my just debts
and funeral expenses, I will, devise and bequeath to my wife,
Catherine Seibert, all the estate of which I may die seised
and possessed, both real and personal, during her lifetime,
which shall be in lieu of all her statutory rights in and to
my estate, and it is my will that she use said property as her
own as long as she may live and that she dispose of the same,
either principal or interest, as she may choose.   And I here-
by authorize her, without an order from the court, to sell
and dispose of such property as she may deem fit and to
execute covenances thereof.   I also hereby authorize her to
dispose of any part of said property, by gift, or by will, or
otherwise, as absolutely as she might do were it her own.

Item 2.   In case any part of my said property remains
after the death of my said wife not disposed of by her, I
will, devise and bequeath the same as follows: (1) To my
daughter, Louisa Nonnweiler, wife of Jacob Nonnweiler,
the sum of twenty-five dollars in cash.   (2) To my children,
Peter Seibert, Christian Seibert, Caroline Steiff, wife of
Fred Steiff, and Rosina Adams, wife of Frank Adams, all
the rest, residue and remainder of my estate, real and per-
sonal and mixed, share and share alike, to do with and dis-
pose of as they may see fit.

If the first paragraph of the will, by itself, vests a fee simple title in the widow, then the second paragraph is rendered of no effect; for a testator cannot, after making a devise in fee simple, provide for the disposition of the property on the death of the one thus vested with an absolute title. *In re Burbank's Will,* 69 Iowa, 378; *Bills v. Bills,* 80 Iowa, 269; *Law v. Douglass,* 107 Iowa, 606; *Meyer v. Weiler,* 121 Iowa, 51; *Luckey v. McCray,* 125 Iowa, 691. If, on the other hand, the first paragraph confers a life estate only upon the widow with an added power of disposal, then the second paragraph has full force and validity, and confers upon the devisees named therein a vested remainder in so much of the property as the widow may not have disposed of during her lifetime. *Spaan v. Anderson,* 115 Iowa, 121; *Podaril v. Clark,* 118 Iowa, 264.

We think that this will must be construed as giving the widow a life estate with power of disposal, and not a fee simple. Such a construction would give effect to both paragraphs of the will, while the contrary construction would nullify the second paragraph. But the controlling consideration is that the language of the first paragraph in itself limits the interest of the widow to a life estate with power of disposal and does not purport to give her absolute ownership. The language differs from that of the will construed in *Luckey v. McCray, supra,* in this important particular that in this will the devise is to the widow " during her lifetime," while in the Luckey will it was to the widow " to be by her used and disposed of during her natural life." In other words, the reference to the lifetime of the widow in the present will is made in describing the extent of her interest, while in the Luckey will it was made in describing the uses which she might make of the property. Or to state the distinction in more general terms, the testator in this will devises a life estate and adds a power of disposal, while in the Luckey will an absolute devise was made with added and unnecessary

specifications as to the uses which the widow might make of the estate thus devised.

The ultimate contention for appellant must be 'that, although the testator in this will specifically devises to the widow only a life estate, the power of disposal added to it is so broad that the life estate is thereby enlarged to a fee, and that the whole paragraph construed together is in effect an absolute devise to the widow; but, in view of the recognized distinction made in our cases between the devise of a life estate with a power of disposal added thereto and the devise of an absolute title with unnecessary and wholly inoperative specifications as to the power which it is intended the devisee shall exercise with reference to the property thus absolutely devised, we think that no additional power of disposal given to the devisee of a life estate, which evidently contemplates the possibility of a portion of the property remaining undisposed of and therefore subject to the devise of the remainder after the termination of the life estate, will convert the devise of a life estate into a devise in fee simple.    In *Podaril v. Clark, supra,* the court expressly refrained from any opinion as to whether a power of disposal so broad as to include a disposal by will would enlarge a life estate to an absolute estate, but we see no reason why it should have that effect, and our attention is not called to any authorities requiring such a construction.    We think the proper rule is this, that, where a life estate is given and the provisions as to an added power of disposal, no matter how broad, contemplate a possibility that a portion of the property may remain undisposed of under that power, the provision as to a remainder in such portion as shall be undisposed of at the termination of the life estate is effective and vests such remainder in the devisees named.    As supporting this general rule, see the following recent cases: *Widow's Home v. Lippardt,* 70 Ohio St. 261 (71 N. E. Rep. 770) ; *Tuerk v. Schueler* (N. J. Err. & App.), 60 Atl. Rep. 357; *Melton v. Camp,* 121 Ga. 693 (49

S. E. Rep. 690); *Fiske v. Fiske's Heirs* (R. I.), 59 Atl. Rep. 740.

We therefore approve the construction placed on the will by the trial court,. and the decree is *affirmed*.

DEEMER and BISHOP, JJ., dissent.