## JONES v. STAMPS.

[81 South. 651, Division B, No. 20617.]

1. DEEDS. *Grant of life estate with power of disposition. Effect.*

    A deed conveying property to the grantee, "for and during the term of his natural life," the grantor obligating himself "to execute and deliver to any purchaser from the grantee a good and perfect title in fee," conveys to the grantee only an estate for life.

2. POWERS. *Life tenant's power to sell. Voluntary conveyance.*

    Where the grantee in such a deed made a voluntary conveyance of the property to his wife, she did not thereby get a fee simple title to the land, although as between the husband and wife there was a legal consideration for the conveyance, since the power to sell in the conveyance to the husband did not contemplate a conveyance without consideration or a gift of the property to any one.

3. *Same.*

    The power to convey under such a deed must be strictly construed.

APPEAL from the chancery court of Bolivar county. HON. JOE MAY, Chancellor.

Suit by W. W. Stamps against Mrs. Mary E. Jones. From a decree for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Herring & Wiley* and *Monroe McClurg,* for appellant.

*J. B. Harris* and *A. W. Shands,* for appellee.

STEVENS, J., delivered the opinion of the court.

This suit originated in the circuit court in the form of an action of ejectment instituted by appellee against Mrs. Mary E. Jones, the appellant, for the recovery of a certain parcel of land particularly described in the declaration. Upon motion the cause was transferred to the chancery court, the pleadings amended to conform to the practice in equity courts, and a final decree awarded in appellee's favor. While there was much testimony introduced for both parties, much of which is irrelevant, the controlling facts may be stated as follows:

Mrs. A. B. Person, a resident of Collierville, Tenn., was a half-sister of S. T. Jones, a resident of Mississippi, and the husband of Mrs. Jones, the appellant. S. T. Jones acted as agent of his sister Mrs. Person in buying certain property in Cleveland, Miss., including the property in controversy. Mr. Jones handled much of the business affairs of his sister, and the relationship between them was apparently confidential and affectionate. In February, 1902, Mrs. Person, formerly Mrs. E. H. Polk, executed and delivered in Mr. Jones a deed for the lands involved in this suit, the material portion of the deed being as follows:

"For and in consideration of five hundred dollars, thirty-five cash and four hundred and sixty-five dollars due the first day of November next, I have this day sold and conveyed to S. T. Jones during his natural life the following described land situated in the town of Cleveland of the county of Bolivar, state of Mississippi, viz.: One hundred feet fronting the railroad running west to the center of Bayou on section 21 township 22 range five, on lots of the map of the town of Cleveland. I hereby agree if he thinks best to dispose of said land before his death I will warrantee the title to the purchaser of the same."

In November of the same year Mrs. Person executed a corrected deed, drawn with more formality and more accurately describing the lands to be conveyed. In the first paragraph of this second deed the granting clause reads, "convey and warrant unto S. T. Jones for and during the term of his natural life all of the following described tract of land." The third and fourth paragraphs read as follows:

"To have and to hold the above-described tract of land in him, the said S. T. Jones, and his assigns, for and during the term of his natural life as aforesaid. After the death of the said S. T. Jones the said tract of land hereby conveyed shall revert to me or my heirs.

"But I further agree and bind myself hereby to execute and deliver to any purchaser or purchasers of said land from the said S. T. Jones, a good and perfect title in fee, subject only to such incumbrance as may be created by the said S. T. Jones, provided the said S. T. Jones shall make such sale during his lifetime."

In 1904 Mrs. Person decided to sell all her property in Cleveland, and appellee purchased all of the property, but that portion involved in this controversy was conveyed "subject to the life interest of one S. T. Jones." There is some correspondence in the record between Mrs. Person and Mr. Jones, as also Mr. Stamps. In one of these letters Mrs. Person states her understanding to be that Mr. Jones had a life estate, and that on account of sickness and trouble she had sold her holdings to her son-in-law, Mr. Stamps. In October, 1909, S. T. Jones executed and delivered to his wife, the appellant, a quitclaim deed for the premises in dispute, reciting the consideration of one dollar and natural love and affection, and conveying "all my right, title and interest (same being a life estate) in and to the following tract of land," etc.

There is some testimony on the part of appellant tending to show a belief and understanding on the part of S. T. Jones in his lifetime that he had acquired and

owned the whole interest in the property, and that he exercised complete actual ownership and was regarded as the owner.

Under the view which we entertain of much of this testimony it is unnecessary to set out more fully any other facts given in evidence. The controversy in our judgment depends upon the deeds and their evident meaning and consequent force and effect. If there is any dispute in the testimony, all doubts have been resolved and decided in favor of the appellee.

A proper construction of the deeds relied on by appellant must lead to an affirmance of this case. The provision in the deed from Mrs. Person to S. T. Jones, whereby she obligated herself "to execute and deliver to any purchaser or purchasers of said land from S. T. Jones a good and perfect title in fee . . . provided the said S. T. Jones shall make such sale during his lifetime," may properly be called an unusual stipulation. But this provision could not and did not operate to enlarge the estate for life or convert it into a fee. The granting clause of the deed conveys the property to Jones "for and during the term of his natural life." Under authority and especially well-known precedents of our own court S. T. Jones received a life estate. As stated by our court in *Tatum v. McLellan,* 50 Miss. 1:

"The courts have held that a power of disposition superadded to a life estate does not enlarge it into a fee simple, because such must have been the intention; else why, by express words, only confer a life estate—what effect is to be given to that limitation other than the plain words import?"

It was stated in *Dean v. Nunnally,* 36 Miss. 358:

"A power of sale attached to an express life estate will not have the effect to enlarge it into a fee"—citing Sugden on Powers, 65; *Rail v. Dotson,* 14 Smedes & M. 184; *Andrews v. Brumfield,* 32 Miss. 115.

The authorities there cited by our court are in point.

Appellant on the trial of this cause asserted ownership in fee. Her claim on the face of the deeds is without merit. She cannot claim as a grantee of her husband, S. T. Jones, under the deed above quoted, and this for two reasons: First, S. T. Jones did not own the fee and could not himself convey a larger estate than he owned; secondly the deed does not purport to convey anything except his life interest. But there is some argument that, S. T. Jones being dead, appellant can also claim as his heir at law. This position would not strengthen her title.

We do not mean to hold that S. T. Jones might not have in his lifetime made a valid contract to sell the whole fee; or, in other words, Jones might well have exercised what we are pleased to term a naked power of sale. But the sufficient answer to appellant's whole claim is the showing that S. T. Jones never in fact sold the premises to any one. The power which Mrs. Person conferred on him to sell did not authorize a voluntary conveyance by Jones to his wife. It is suggested that Jones' deed to his wife is based upon a legal consideration. As between the husband and wife this is true. We do not, however, construe the power which Mrs. Person gave Jones to sell as contemplating a conveyance without consideration, or a gift of the property to any one. This position we think is amply supported by the authorities cited in the brief of counsel for appellee. The power in this instance must be strictly construed. As stated by our court in *Learned* v. *Matthews,* 40 Miss. 210:

"The principle is of very general application that, at law, every naked power, properly so called, must be strictly executed, and all prescribed formalities duly observed. It prevails not only between private persons, but applies also to the acts of public officers."

And our court in *Sharpley* v. *Plant,* 79 Miss. 175, 28

So. 799, 89 Am. St. Rep. 588, quoted with approval on page 191 the following from 18 Am. & Eng. Enc. L. 837:

"The conditions attached by the donor to the execution of a dower must be complied with strictly, however unessential they may seem."

Strict construction was enforced by our court in *Baird* v. *Boucher* 60 Miss. 326, and the doctrine fully recognized in the later case of *Whitfield* v. *Burke*, 86 Miss. 435, 38 So. 550, 109 Am. St. Rep. 714, 4 Ann. Cas. 370. See, also, *Garland* v. *Smith*, 164 Mo. 1, 64 S. W. 188.

It is said in 31 Cyc. 1079: "A life tenant . . . having power to sell cannot convey as a gift or otherwise without consideration, and such a conveyance is void."

No question arises as to what would have been the legal rights of any *bona-fide* purchaser for value from S. T. Jones, or the appropriate remedy such person would have against Mrs. Person or her grantee in event she had declined to be bound by the covenant in her deed to S. T. Jones. On any view of the case appellant has no title, and the decree of the learned chancellor is accordingly affirmed.

*Affirmed.*