RELLA OLSON et al., Appellees, v. FRANK WEBER et al., Appellants.

**WILLS: Estate Created—Life Estate (?) or Fee (?)**   A clear grant
1   of a life estate, *with remainder over*, is not converted into a *fee* because of the addition of a power in the life tenant to sell such portion of the property as he may think best.

**WILLS: Estate Created—Reinvested Property by Life Tenant.**   A life
2   tenant who exercises a granted power to sell and reinvest takes *only* a life estate in the newly purchased property.

**COURTS:  Extent of Jurisdiction—Realty Passing Under Foreign Will.**
3   The courts of this state have sole jurisdiction to construe a foreign will, in so far as the title to realty in this state depends thereon, even though the realty in question was not owned by the foreign testator at the time of his death, but is realty which a life tenant has, under testamentary power, substituted for property which the testator did own in a foreign state at the time of his death.

*Appeal from Fayette District Court.*—H. E. TAYLOR, Judge.

APRIL 4, 1922.

REHEARING DENIED SEPTEMBER 30, 1922.

ACTION to quiet title to certain real estate and construe a will through which plaintiffs predicate title. Decree entered sustaining plaintiffs' claim. Defendants appeal.—*Affirmed.*

*Judson Starr* and *H. P. Hancock,* for appellants.

*McRoberts & Morgan* and *Ainsworth & Antes,* for appellees.

DE GRAFF, J.—Plaintiffs claim title to certain real estate situate in Fayette County, Iowa by virtue of the last will and testament of one John Jones who died testate, a resident of Peoria, Illinois, July 29, 1909. No parents or children sur-

vived him, but only his widow Elizabeth Jones. The provisions of his will material to this controversy reads as follows: "Second. I will, devise and bequeath unto my wife, Elizabeth Jones, all the property, real, personal and mixed, of which I may die seized or be entitled to at my death, to have and to hold for and during her natural lifetime; with full power, however, to my said wife to sell and convey any or all of my said estate, real or personal, as she may see fit, and use the proceeds thereof as she may see fit, but it is further my will that my said estate or whatever part thereof that remains undisposed of by my said wife at her death, shall go to and be held by Emma B. Taylor, wife of James A. Taylor, now residing at Averyville, in the said county of Peoria, for and during her natural lifetime, and at her death to be divided equally between the children of said Emma B. Taylor."

Emma B. Taylor mentioned in said will died prior to the widow Elizabeth Jones. Plaintiffs are the only children of Emma B. Taylor. The defendants are the heirs at law of Elizabeth Jones.

At the time of his death John Jones was seized in fee of a certain 80 acres of land situated in Shelby County, Illinois. Elizabeth Jones elected to take under the will of John Jones, proved the will, and accepted the appointment of executrix.

Elizabeth Jones sold the Shelby County land for $15,000, and the proceeds of the sale were left in the hands of her agent Peter W. Jones. Subsequently she purchased through him an 80 acres of land in Christian County, Illinois for $13,600, and used in payment thereof the identical money which she had received from the sale of the Shelby County land. A little later she exchanged the Christian County land for the 120 acres of land in Fayette County, Iowa which is the subject-matter of this suit. The Christian County land was valued at $16,000, and $2,000 additional in cash was paid by Elizabeth Jones, $1,200 of which was money received from the Shelby County sale and the balance of $800 was received as rents from the Christian County land. There was no other consideration for the exchange.

It is contended by the plaintiffs that under the will of John Jones the widow Elizabeth Jones took a life-estate with power

to sell and convey, and that upon the death of Emma B. Taylor they took a vested remainder in fee to any property so acquired by the first life tenant Elizabeth Jones.

It is further contended by the plaintiffs that their interests under the will attached to any property acquired by the life tenant Elizabeth Jones in exchange for property which had been acquired with proceeds of the property originally belonging to the estate of John Jones.

I. It is the intention of the testator which we seek to find and declare. This is our primary duty. *In re Estate of Proctor*, 95 Iowa 172. The initial sentence of the quoted paragraph of the will creates in the widow a life estate. This

1. WILLS: estate created: life estate (?) or fee (?)

much is clear, and unless the subsequent language of the will modifies or limits the life estate so created the widow was given a life estate and not a fee simple title. We find no language used by the testator that enlarges the life estate in the widow except that it creates and gives to her a power of sale with a limitation over of what remains undisposed of by her during her life. Such a gift of property creates a life estate in the first taker and a vested remainder in the remainderman. Such a provision does not purport to give the first taker absolute ownership. *Steiff v. Seibert*, 128 Iowa 746. It may not be questioned that a testator may grant a life estate and add thereto a general power of disposal of a part or all of the estate without in any manner changing the devise to a fee. *Spaan v. Anderson*, 115 Iowa 121.

The intent of the testator is plain. He must have had in mind that a part of the estate might be undisposed of at the death of his widow, and to avoid the possibility of an intestate estate he expressly provides for the vesting thereof in certain remaindermen. It has been repeatedly held that the testamentary disposition of "what remains" or the part "that remains undisposed of" is a sufficient designation to create and vest title in the remainderman. The plaintiffs herein are the only children of Emma B. Taylor, and are the ultimate remaindermen. They are entitled and hold a vested estate in whatever estate remains. This proposition is controlled by *Steiff v. Seibert*, supra in which opinion it is said: "We think the proper rule is this, that, where a life estate if given and the provisions

as to an added power of disposal, no matter how broad, contemplate a possibility that a portion of the property may remain undisposed of under that power, the provision as to a remainder in such portion as shall be undisposed of at the termination of the life estate is effective and vests such remainder in the devisees named.''

The law favors vested estates and unless a clear intent to the contrary is shown this rule prevails. *Haviland v. Haviland*, 130 Iowa 611. We conclude therefore that the widow Elizabeth Jones was given a life estate only with an added power of disposal.

II. Does a life tenant, who sells the devised property or changes its form pursuant to a power to do so, invest himself with a greater title to the newly acquired property than he formerly had to the specific property devised?

2. WILLS: estate created: reinvested property by life tenant.

It is undisputed in the instant case that the widow twice exercised her power of disposal under the will of her husband. It is also undisputed that the proceeds of said sales eventually purchased the Iowa land which is the basis of this action. Under our decisions no difficulty arises in making answer on this phase of the case. A change in the form of the estate under the power expressly given in the will does not have the effect to enlarge or change the nature of the original title thereto. *In re Estate of Beatty*, 172 Iowa 714, 715; *Spaan v. Anderson*, 115 Iowa 121. See, also, *Barton v. Barton*, 283 Ill. 338. This is the weight of authority rule and is supported on principle and reason. The will of the testator could easily be defeated by the life tenant if by the mere fact of sale such tenant could enlarge a life estate into a fee. A court would necessarily protect the remainderman in order to effectuate the intent of the testator.

III. One question is made relative to the jurisdiction of the Iowa court to consider and construe the will of John Jones so far as it relates to the Iowa land. It was stipulated upon the trial below that there had been ''no former

3. COURTS: extent of jurisdiction: realty passing under foreign will.

construction of the will of John Jones in any court.'' The contention of appellant is predicated on the proposition that the testator died

in Illinois and that the real estate which he owned at the time of his death was located in Illinois.

It is a universal rule that title to real estate can be determined only in the forum in which the land is located. If this were not true no landowner within that forum would ever be certain of his title. Under the facts of this case the will of John Jones must be construed as though he had owned the Iowa land on the date of his death. The disposition of real property, whether by purchase or descent, is subject to the government within whose jurisdiction the property is situated. *Curtis v. Armagast,* 158 Iowa 507; *Matson v. Matson,* 186 Iowa 607; *Folsom v. Board of Trustees,* 210 Ill. 404; *Clarke v. Clarke,* 178 U. S. 186; *United States v. Fox,* 94 U. S. 315. Howe's Iowa Probate Law 21.

The trial court ruled correctly on the propositions presented on this appeal and the judgment and decree entered is therefore —*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.