WALTER E. MANN et al., Appellees, v. KATE SEIBERT, Appellee; WALTER A. CRENSHAW et al., Appellants.

No. 40027.

NOVEMBER 21, 1929.

*Donald F. Wisdom,* for appellants.

*Higbee & McEniry* and *H. P. Jaqua,* for Mann *et al.,* appellees.

*Wisdom & Kirketeg,* for Parrish, appellee.

*J. N. Hughes* and *F. D. Wisdom,* for Seibert, appellee.

DE GRAFF, J.—Two well recognized rules of law governing the construction of a will may, at the outset, be stated: First, when a testator by the terms of his will vests a fee-simple title  in the devisee, and in another clause of said will creates a remainder in the devised property to a third party, the remainder is void for repugnancy. *Luckey v. McCray,* 125 Iowa 691. Second, when a testator devises a life estate, with a remainder over to a third party, the life estate is not converted into a fee by reason of the addition of a power granted to the life tenant to sell any or all of the portion of the devised property he may deem proper. In other words, a limited power of disposal adds nothing to a life estate with a remainder

over to a third person or persons. *Olson v. Weber,* 194 Iowa 512 (27 A. L. R. 1370); *Steiff v. Seibert,* 128 Iowa 746. The question now before us is whether the will of Mary M. Crenshaw devised to J. F. Crenshaw, her husband, an absolute fee-simple title to 80 acres of Taylor County, Iowa, land, or a life estate therein, with a limited power of disposal.

The plaintiff-appellees (remaindermen under the will of Mary M. Crenshaw) in the filed petition pray for the specific performance of a real estate contract entered into between them and Kate Seibert, defendant-appellee. This contract covered the 80-acre tract in question which was devised by its owner, Mary M. Crenshaw, in the instant will. The intervener-appellee, Fred O. Parrish, is an assignee of the interest of one of the plaintiffs, Clara Underwood, in the said 80 acres. The interveners-appellants claim title to the 80 acres, and the issue tendered by the pleadings is whether or not the intervener-appellants are, as they allege in their petitions of intervention, fee-simple title holders of the land.

Mary M. Crenshaw and J. F. Crenshaw were husband and wife. Both died testate, the wife having predeceased the husband. We will first construe the will of Mary M. Crenshaw. If the plaintiff-appellees (remaindermen) are correct in their contention, it must be said, and we must hold, that the title which they claim can be traced to and through the will of Mary M. Crenshaw. The second and third items of her will read as follows:

"Subject only to my disposition as hereinafter provided of that part of my property which he may leave at the time of his death; I give, devise and bequeath all the property, both real and personal, which I shall own at my death to my husband, J. F. Crenshaw, to use as he may desire, hereby giving him full power and authority to sell and convey any or all of it and to use the proceeds thereof as he may deem proper, without being required in any manner to account therefor.

"Third: At the death of my husband, J. F. Crenshaw, all of my property which he may leave shall be divided equally among my brothers and sisters, Alice F. Fairchild, Walter E. Mann, Albert E. Mann, Helen A. Jewell, Nettie M. Lewis and Ida C. Lewis, share and share alike. If any of my said brothers

or sisters die before the death of my husband, J. F. Crenshaw, the share he or she would have taken shall go to his or her children, or if there be no children, shall be divided equally among my surviving brothers and sisters."

The first sentence of the second item of her will deserves serious consideration in the solution of the question before us. This sentence is: "Subject only to my disposition as hereinafter provided of that part of my property which he [the husband] may leave at the time of his death * * *" Unquestionably, she reserved the right to dispose of the real property by her will, and it follows that she did not give her husband the right to dispose of the same by will. He did attempt to do so, and to other parties than are named in her will as remaindermen. The power of disposal in the husband, as devisee, was limited. Resultantly, the husband did not acquire an absolute fee-simple title. The will is unambiguous, but in any event, her intent is the desideratum. As a matter of law, she could not devise an absolute title in her husband to the 80 acres and at the same instant and in the same will create a remainder in said land in her brothers and sisters. True, the devisee husband, under her will, had the use of the said 80 acres during his life, together with all the income and profits therefrom; but she did contemplate that her husband might not dispose of all of the property devised to him, and her intent is clear what the result should be if he did not exercise the limited right of disposal during his lifetime. A testator cannot create a fee with absolute power of disposal and at the same time clog that power of alienation by limitation over to another. *Law v. Douglass,* 107 Iowa 606, 607. Such is not the interpretation to be given the provisions of the will of Mary M. Crenshaw. She expressly reserved the right to dispose of the 80 acres by her will, and did not give her husband the right to dispose of the same by will. In the first breath of the first sentence of the second paragraph of her will, she reserved the right to dispose, by her will, of the property which her husband did not sell. In the third paragraph of her will, she does dispose of her property, which included the 80 acres in question. She owned the 80 acres at the time of her death, and she provided in said third paragraph of her will that, if J. F. Crenshaw did not sell said property during his lifetime, then

the real estate passed to her brothers and sisters. Crenshaw died. He had elected to take under the will of his wife. He had not disposed of said real estate under the limited power of disposal granted him, and when he died, the title in the remaindermen became complete.

The will of J. F. Crenshaw, so far as the property in question is concerned, becomes immaterial in the establishment of the title in the remaindermen. It may be noted that the respective wills of Mary M. and J. F. Crenshaw were executed on the same date, but this did not *per se* make them joint or mutual wills. See *Anderson v. Anderson,* 181 Iowa 578. The second paragraph of J. F. Crenshaw's will reads verbatim with the second paragraph of Mary M.'s will. In the third paragraph of Crenshaw's will he provided that, at the death of his wife, Mary M.:

"From my real and personal property which she may leave, I give, devise and bequeath to each of my three half brothers and two half sisters, share and share alike, the sum of $500. If any of my half brothers or half sisters die before the death of my wife, Mary M. Crenshaw, the share which he or she would have received shall go to his or her children, but if there be no such children such share shall be divided equally among my half brothers and half sisters."

This devise and bequest, under the rule declared in the *Anderson* case, supra, made the instrument an individual will. This court said, in *Steiff v. Seibert,* supra:

"We think the proper rule is this: That, where a life estate is given, and the provisions as to an added power of disposal, no matter how broad, contemplate a possibility that a portion of the property may remain undisposed of under that power, the provision as to a remainder in such portion as shall be undisposed of at the termination of the life estate is effective, and vests such remainder in the devisees named."

The same doctrine is followed in *Olson v. Weber,* supra, wherein our own decisions are reviewed. It is therein said:

"It has been repeatedly held that the testamentary dis-

position of 'what remains,' or the part 'that remains undisposed of,' is a sufficient designation to create and vest title in the remainderman.''

See, also, *Iowa City State Bank v. Pritchard*, 199 Iowa 676; *In re Estate of Cooksey*, 203 Iowa 754. The cases bearing on this proposition are collected and may be found in the annotation to *National Sur. Co. v. Jarrett* (W. Va.), 36 A. L. R. 1177.

In the last analysis, the pertinent question is whether the power of such disposal as found in the will of Mary M. Crenshaw did convert or increase the life estate to a fee simple in her husband.

But one witness was called, and his testimony was taken, subject to timely and proper objections of the plaintiffs. This testimony was given by the witness Van Houten, the scrivener of the wills. Parol evidence was, under the instant facts not admissible. The testator's intent is to be gleaned from the will. The parol evidence, such as is found here, cannot be considered. See *Gilmore v. Jenkins*, 129 Iowa 686; *In re Estate of Beaty*, 172 Iowa 714.

It is our conclusion that the contention of the plaintiff-appellees must be sustained. The decree entered by the trial court is, therefore,—*Affirmed*.

All the justices concur.