HUGO RODENBURG, appellee, v. ARTHUR W. RODENBURG et al., appellants.

No. 48843.

(Reported in 74 N.W.2d 241)

JANUARY 10, 1956.

Hugh P. Finerty and John P. Churchman, both of Council Bluffs, and K. C. Acrea, of Missouri Valley, for appellants.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

THOMPSON, J.—Plaintiff in his petition alleged his ownership of lands in Pottawattamie County described as the South Half (S½) of the Northwest Quarter (NW¼) and the North Half (N½) of the Southwest Quarter (SW¼), in Section 17, Township 77 North, Range 42 West of the 5th P.M. Plaintiff prayed that title to this realty be quieted in himself. He is a son of John J. Rodenburg, who died testate on November 16,

1940. John J. Rodenburg left surviving ten children, some of whom are now deceased. The defendants in the instant case are the surviving sons and daughters, the children or other legal heirs of those deceased, and the unknown claimants to the real estate above described. Not all of the defendants appeared, but certain ones did so, and they have now appealed from a decree in favor of the plaintiff.

I. The important point in the case concerns the proper construction to be given to the will of John J. Rodenburg. The particular parts involved are Items VII and XIII, although the whole will is material, since it must be construed by a consideration of the entire document to ascertain the true intent of the testator. Items VII and XIII are set out herewith.

"Item VII

"It is my will and I do hereby give, devise and bequeath to my son, Hugo Rodenburg, the property described as the South Half (S½) of the Northwest Quarter (NW¼) and the North Half (N½) of the Southwest Quarter (SW¼) all in Section 17, Township 77 North, Range 42 West of the 5th P.M. subject to the contingency as hereinafter set forth.

"Item XIII

"It is my will and I do hereby further provide that if any of my children shall be without child or children that then and in that event such children shall be and are hereby given only a life estate in and to the property above described and shall only have the use for life of such property; if such child or children depart this life prior to his or her spouse, then such spouse shall have the use of same during his or her life and after the death of both such child or children of mine and the spouse or spouses, such property shall be equally divided as to such of my other children as may be living at said time or the children of such children and if any are dead, then their children shall only take the share of such child of mine. This is only effective as to any not having children at my death."

It is the plaintiff's claim that the will gives him a fee simple title absolute to the lands referred to in Item VII. Defendants assert that he has but a life interest, to be followed by a life interest in his spouse if she survives him. The important facts are

that the will was executed on March 9, 1938, the testator died on November 16, 1940, that the plaintiff was married and childless both at the time the will was executed and when the testator died, and that a child, Phyllis Kay Rodenburg, was born to plaintiff and his wife on August 12, 1946.

■■ II. Both plaintiff and defendants cite certain well-established rules of law, which we repeat. The cardinal principle in construing wills is to find the real intent of the testator, and to give it effect. In so doing, the entire will must be considered; that is, it must be taken as an entirety, by its "four corners", and every part given its proper interpretation and significance. The intention of the testator must be arrived at by determining not what he might have said or should have said, but what he actually did say. All of these principles are so well settled in the Iowa law that they need no further elaboration or citation of authorities; but those who are interested may find them set out and discussed in In re Estate of McCulloch (Bliss, J.), 243 Iowa 449, 456, 457, 458, 52 N.W.2d 67, 72, 73. It is also true, as the appellants here emphasize, that when the meaning of the will is clear and unambiguous, there is no room for construction; or perhaps it is more nearly correct to say there is then only one permissible construction. In re Estate of McCulloch, supra, page 457 of 243 Iowa, page 72 of 52 N.W.2d.

III. But, while we agree with the rule last above stated, we do not find the language of the will under consideration here so clear that we may apply it. The will was evidently prepared by a skilled draftsman; but Item XIII is not so clear in its meaning that we can say there is no room for differing opinions as to the intent disclosed. Consideration must be given not only to this item but to the entire document.

■ It will be noted that Item VII, while first giving to the plaintiff what, standing alone, would be a fee simple absolute, closes with the words "subject to the contingency as hereinafter set forth." This makes the title granted subject to a condition or conditions. It creates what is variously known in the law as a conditional, or defeasible, or base or qualified fee. We have recognized and discussed the nature of conditional or defeasible fees in many cases. See In re Estate of McCulloch, supra; Shope

v. Unknown Claimants, 174 Iowa 662, 156 N.W. 850; Sagers v. Sagers, 158 Iowa 729, 138 N.W. 911, 43 L. R. A., N. S., 562.

It is not contended that the devise to the plaintiff in Item VII was so absolute and unqualified that any limitation in a later part of the will created a repugnancy and so would be void. The gift to Hugo Rodenburg in Item VII was clearly conditioned in the same item upon the happening or failure to happen of a contingency; and this contingency can only be the one defined in Item XIII. It is the interpretation of Item XIII which is the difficult feature of the case.

IV.   Item XIII (set out verbatim in Division I above) first says: "It is my will * * * that if any of my children shall be without child or children that then and in that event such children shall be and are hereby given only a life estate in and to the property above described * * *." Then comes a provision for a life estate in the spouse of such child if such spouse survives the child of testator who "shall be without children"; then follows a reverter clause, providing that the property, after the death of the child of the testator who "shall be without children", and his or her spouse, shall be divided among the testator's other children or their children. The closing sentence, the one which is the primary cause of the contention here, says: "This is only effective as to any not having children at my death."

The defendants-appellants construe this final sentence as indicating a clear intent on the part of the testator that the condition on which plaintiff's title was limited—if he should be "without child or children"—would become effective if he was without such child or children at the time of the testator's death. Since he did not have a child at that time, defendants think the condition upon which defeasance was based has occurred, and plaintiff has only a life estate.

On the other hand, the plaintiff-appellee and the trial court interpret the words "any not having children at my death" found in the final sentence of Item XIII as modifying the preceding language "if any of my children shall be without child or children" so that the true meaning is: "If any of my children, 'not having children at my death', shall be without child or children." Thus the condition would operate only if the child or

children died without children. The importance of the two conflicting constructions arises because the plaintiff did not have a child or children at the time of the death of the testator, but did have a child later born. Thus, while the defendants urge that the child must have been born before the death of the testator, the plaintiff contends and the trial court held that the birth of a child at any time satisfied the condition.

A search of the authorities has produced nothing which seems to be of material aid in determining the problem. Chief Justice Weaver once said of cases involving construction of wills: "In no other class of cases is mere precedent as to the use or meaning of human language of so little real value." Hiller v. Herrick, 189 Iowa 668, 670, 671, 179 N.W. 113, 114. See also In re Estate of McCulloch, supra, and cases cited in support of the same thought at page 457 of 243 Iowa, page 72 of 52 N.W.2d. An attempt to interpret a will by precedent or the hard and fast rules of construction to which resort is sometimes had too often defeats the real intent of the .testator which a careful study of the will itself would disclose.

It is to be noted here that if the maker of the will had meant to provide that the devise of a fee simple estate to his son Hugo Rodenburg would fail if the beneficiary did not have children before the death of the testator, he could have said so in simple words not open to doubt. It would have been necessary only to add the words "at the time of my death" so that the language would be "if any of my children shall be without child or children *at the time of my death* then * * * such children * * * are given only a life estate * * *." (Italics supplied to define the added words.)

But he did not choose to do so. Instead he inserted the admittedly troublesome clause at the end of the item, "This is only effective as to any not having children at my death." For this reason and others we conclude the trial court was correct in its interpretation of the proper meaning to be given to the quoted language. Its true meaning is, we think, that any of the children of the testator who did not have children at the time of the death of John J. Rodenburg must then have a child or children later born to prevent the happening of the condition upon which the

estate devised to them was limited. The contingency has no application to those who had children at the time of the testator's death; as to those to whom it applies it is satisfied by the birth of issue at any time. Hugo Rodenburg was within the terms of the defeasance at the time of his father's death; he had no child. But a child was later born, thus fulfilling the condition. While the point is not free from doubt, a reading of the entire will fairly reveals what the testator was attempting to do. We must interpret his will as best we can to conform to the intention it discloses.

In addition to the thought already expressed that if John J. Rodenburg wished the conditional fee devised to Hugo by Item VII limited so that there would be a defeasance or reverter if Hugo did not have a child at the time of the testator's death he could have done so in brief and explicit terms, other parts of the will strengthen our conclusion. John J. Rodenburg had ten children, and the will as a whole indicates his desire to treat them with substantial equality. Some were given lands; some were given money; some were given lands and money. This last provision was made when the amount of land, measured in acres and apparently in value, was not as much as that given to others. The apparent attempt was then made to equalize the lesser amount of land by a cash bequest. Item III of the original will gave to a daughter, Emma Pogge, eighty acres of land and $6400 in cash; Item IV gave to another daughter, Katherine Carlson, an adjoining eighty acres and $4800 in money. But a later codicil gave to Mrs. Carlson the land previously devised to Mrs. Pogge, so that Mrs. Carlson received the entire quarter section. But Mrs. Pogge was then given $9600 in money and the cash bequest to Mrs. Carlson was canceled.

Likewise, a daughter, Clara Coffeldt, was by the will given only one hundred and twenty acres of land; but the codicil gave to her also $2400 in money, reciting "This is given to her for the reason that the land left to her is only 120 acres and would not be worth as much as the land left to some of my other children." Edward, Hugo and George Rodenburg were each given one hundred and sixty acres of land (the latter two devises being subject to the condition set out in Item XIII, for the apparent

· reason that neither Hugo nor George had children when the will was drawn). Walter Rodenburg was given eighty acres of land and $6400 in money; John H. Rodenburg, another son, and Louise Oltmanns, a daughter, were each given $9600 in cash. It is apparent that the testator had arrived at the sum of $9600 which, in equal shares to his children, would consume the bulk of his estate. Some were given this value in land, some in money, and some, where the amount of the land they received was less, were given what was deemed a sufficient amount of cash to even the bequests. One son, Henry N. Rodenburg, it is true was relieved of the payment of $12,000 and interest which he owed to his father, as his share of the estate. But this does not detract from the evident desire of the father to treat each of his children with equal fairness. Henry had evidently expended his share of the estate in advance.

It is also significant in line with the foregoing discussion that the residuary clause of the will, found in Item XIV, made an equal division of any remaining part of the estate among the ten children of the testator, with the provision that if any of them had predeceased the testator their share should go to "his or her children and if he or she should have no children then such share shall become a part of the property concerning which life estate is left in the manner as above provided." In other words, if some of his children had died before him, their share of the residue should go to their children, or if they had no children then it would go into the remainder, subject to a life estate if such childless child or children left a surviving spouse or spouses; at the termination of which life estate in such spouse or spouses it would revert to the remainder and be divided among those of his children who survived and the children of those who were deceased. It is somewhat significant that the remainder clause speaks per stirpes.

It may be asked why, if the testator evidenced such a clear intent to treat his children equally in the division of his estate, he placed the condition upon the devises to the plaintiff, Hugo, and George. Another matter, made evident by the will, appears here. John J. Rodenburg was concerned with keeping his estate, so far as it could be done, within the direct line of descent. He

wanted his children to have equal portions; but he also desired if they should eventually have no issue that the property should return to his estate and be divided among his direct lineal descendants. The will speaks unmistakably on these two points. There is nothing to indicate, except for the possibly unfortunate sentence at the close of Item XIII, that he had any thought of limiting the fee titles devised to Hugo and George if they had children born after his death. Then his two major purposes, equal division and retention in the direct line of descent, would be each fulfilled. Of course, if Hugo (or George, with whose title we are not concerned here) should die without children, the condition causing a defeasance would be operative, and the lands devised would revert to the testator's own bloodline. We conclude the will requires this interpretation.

V. The defendants further urge that plaintiff's cause of action was barred by section 614.1(6), Code of Iowa 1950. This is a part of the general statute of limitations, and so far as material here provides that actions for the recovery of real property are barred after ten years from their accrual. Assuming, without deciding, that this is such an action, it is clear that it did not accrue until the birth of a child to plaintiff on August 12, 1946. We have held in Division IV that after the death of the testator and until the birth of Phyllis Kay, Hugo Rodenburg had only a conditional or defeasible fee. His title did not become a fee simple absolute until August 12, 1946, and his action was begun on April 8, 1954, well within the ten-year period.

We conclude the trial court was correct in its rulings and judgment.—Affirmed.

LARSON, C. J., and BLISS, GARFIELD, HAYS, SMITH, and WENNERSTRUM, JJ., concur.

PETERSON, J., takes no part.