CLOYCE TAGUE, appellee, v. JOSEPHINE TAGUE, appellant; MAXINE LORAINNE TAGUE, substituted appellee.

No. 49136.

(Reported in 85 N.W.2d 22)

 

McCoid & McCoid, of Mount Pleasant, and Van Allen & Van Allen, of Mount Pleasant, for appellant.

Livingston & Day and Everett Meeker, all of Washington, and Vance & Ebert, of Mount Pleasant, for appellee.

Oliver, J.—The will of Festus Tague who died in 1935 directs payment of debts, etc., and recites:

"2 :—I give, devise and bequeath to my wife, Minnie Tague all of the property, both real and personal wherever the same may be found, of which I shall die seized or possessed; she having full and sole control over all the property of which I shall die seized or possessed with full power to sell and convey the same by deed or otherwise, or to encumber said property. All of these provisions shall however be subject to the following :—

"(a) It is expressly provided however, that should my said wife re-marry, in that event, all the provisions of Section 2 of this Will shall cease and become ineffective and a one third interest in all the property held by my said wife under this Will shall vest in her and be hers absolutely, and the remaining two-thirds shall vest in fee in my children, namely, Cloyce O. Tague, Hoyt F. Tague and Josephine Tague, equally share and share alike. Nothing in this provision shall be construed to effect or cloud any conveyance prior to her remarriage, made by my said wife under Section 2 of this Will.

"(b) In case my said wife shall not re-marry, all of the property held by her at the time of her decease which was derived by her under this Will, whether in the original or a converted form, shall go equally to my said children, share and share alike."

3. Minnie Tague is nominated as executrix.

One of the sons, Hoyt F. Tague, predeceased testator, unmarried and childless. Minnie Tague, testator's widow, elected to take under the will. Testator's real estate consisted of approximately 450 acres of Henry County farm land. A mortgage upon this land and other estate debts totaled $33,000. The estimated net value of the estate was $20,000. It was closed in 1943. Minnie Tague did not remarry. She died July 2, 1947. In January 1947 she executed and delivered to her attorney, with instructions to deliver to the grantee upon Minnie's death, a deed conveying the land to the daughter, defendant Josephine, but reserving a life estate in Minnie. The consideration stated in this deed was love and affection and other valuable consideration. After Minnie died it was delivered to Josephine. It was placed of record July 9, 1947.

In 1954 Cloyce O. Tague instituted suit against his sister Josephine, asking that the will of Festus Tague be construed and the provisions for the widow Minnie be held to entitle her to a life estate in said real estate, alleging the deed from Minnie to defendant Josephine was a gift beyond the power granted by the will and was made and received for the purpose of depriving plaintiff of his interest in said real estate, and asking that it be adjudicated invalid and plaintiff be found the owner of an undivided one-half interest in said land. Plaintiff asked also that the land be partitioned and for an accounting for rents and profits received by defendant.

After the issues were joined, upon plaintiff's application, the trial court, under R. C. P. 105, adjudicated certain points of law, and concluded:

(1) "that under the will the widow had only a life interest in the property with 'power to sell and convey * * * or to encumber.' "

(2) That such power to sell and convey did not empower the widow to defeat the rights of one remainderman by conveying to the other by gift or without actual consideration in moneys worth.

Defendant, having secured permission, has appealed.

■ I. The purpose of construing a will is to ascertain the intention of the testator expressed therein. In so doing the entire will should be taken by its "four corners", each part

thereof considered in connection with every other part and all its provisions given effect, unless clearly in conflict with some positive rule of law. No part of the will should be discarded or disregarded without sound reason. In re Estate of McCulloch, 243 Iowa 449, 456, 457, 458, 52 N.W.2d 67, 72, 73, and citations; Rodenburg v. Rodenburg, 247 Iowa 444, 74 N.W.2d 241.

■ II. Paragraph 2 of the will states testator gives his widow all his real and personal estate, and full and sole control thereof with full power to sell and convey it by deed or otherwise or to encumber it. The paragraph states also, these provisions shall be "subject to the following:" (a) Should the widow remarry they shall cease and become ineffective and "a one third interest in all the property held by [her] under this Will shall vest in her and be hers absolutely, and the remaining two-thirds shall vest in fee in my children," naming them. (b) If she does not remarry, all the property held by her at the time of her death "derived by her under this Will, whether in the original or a converted form, shall go equally to my said children, * * *."

Appellant contends Paragraph 2, proper, gave all of testator's estate to his widow absolutely and in fee simple, that this left no estate to be disposed of by subsequent provisions of the will, and that the provision in Paragraph 2b for a gift over to the children was inconsistent with and repugnant to this gift, and, therefore, was invalid.

The provision for the widow in Paragraph 2, proper, did not contain words of inheritance or state she was given the property in fee. Appellant contends this omission did not affect the interpretation of the provisions. Her counsel cite section 557.2, Code of Iowa, 1954, which states:

"The term 'heirs' or other technical words of inheritance are not necessary to create and convey an estate in fee simple."

Many states have statutes of this type, their purpose being to abrogate the common-law rule that a general devise, without words of limitation, carried only a life estate and not a fee. Such statutes are regarded as establishing rules of construction which do not prevent consideration of all the language in the will. Under them an indefinite devise may be either for life or in fee according to the intention of the testator as gathered from the whole will. 96 C. J. S., Wills, section 821. In the will here

involved, Paragraph 2a, which did not take effect because the widow did not remarry, provided the estate there given her should vest in her "absolutely", and the gift to the children "in fee." The language just quoted clearly specifies absolute estates. There is no such language in Paragraph 2, proper. This difference in language would furnish some ground for reasoning that testator did not intend the estate devised the widow in Paragraph 2, proper, should be of the same quality as those devised in Paragraph 2a. Blair v. Kenaston, 223 Iowa 620, 623, 273 N.W. 184, 186, states:

"The absence of words of inheritance may be very significant, for the law does not say in express terms that every conveyance where these words are omitted creates an estate in fee simple, while the use of technical words of inheritance are strongly indicative of an intention to convey an estate in fee. [Citations]."

Here the general plan of distribution stated in the will was: the estate to the widow, upon her death, remainder to children. The statement in Paragraph 2, proper, that its provisions (for the widow) should be subject to following provisions was a direction that the will be interpreted to give effect to such following provisions. In re Estate of Organ, 240 Iowa 797, 802, 38 N.W.2d 100, 103; In re Estate of McCulloch, 243 Iowa 449, 462, 463, 52 N.W.2d 67, 75.

III. Appellant contends the power given the widow to sell and convey, considered in connection with other provisions of the will, gave her the real estate in fee, and a corresponding title to the personal property. That proposition has been before this court many times under various factual situations. It has been frequently said the value of precedents in such cases is limited because no two wills are identical. However, when such precedents tend to establish and define governing legal principles they are of great value.

One of the leading cases enunciating some of the legal principles here presented is Iowa City State Bank v. Pritchard, 199 Iowa 676, 678, 202 N.W. 512, 513, which states:

"It is also settled that, where no particular estate in property is in terms given, although the words used, if standing alone, would be construed as the gift of the entire estate, or an

1264

estate in fee, yet, by giving effect to other parts of the will, it may be determined that the testator intended to give but a life estate, and the bequest will be so construed." Citing Canaday v. Baysinger, 170 Iowa 414, 152 N.W. 562; Hiller v. Herrick, 189 Iowa 668, 179 N.W. 113; Boekemeier v. Boekemeier, 157 Iowa 372, 138 N.W. 493.

Continuing, the Pritchard case states: "* * * and the giving of an unlimited right of disposal during the life of the life tenant does not convert a bequest of a life estate into an absolute gift of the entire estate, or an estate in fee." Citing Spaan v. Anderson, 115 Iowa 121, 88 N.W. 200; Podaril v. Clark, 118 Iowa 264, 91 N.W. 1091; Simpkins v. Bales, 123 Iowa 62, 98 N.W. 580; Webb v. Webb, 130 Iowa 457, 104 N.W. 438; Richards v. Richards, 155 Iowa 394, 136 N.W. 132; In re Estate of Beaty, 172 Iowa 714, 154 N.W. 1028; Hiller v. Herrick, supra, 189 Iowa 668, 179 N.W. 113.

An article in 41 Iowa Law Review 601 (1956) by Prof. Robert W. Swenson, entitled, The Iowa Repugnancy Rule in Testamentary Dispositions, discusses some of our decisions. It refers to a vigorous dissenting opinion in Meyer v. Weiler (1903) 121 Iowa 51, 95 N.W. 254, which it states, foreshadowed a gradual retrenchment from the mechanistic approach of the earlier cases. This dissent stated such clauses of a will should not be regarded as irreconcilable unless the first indicates unqualifiedly an intention to devise a fee simple. That is, even though the first clause, standing alone, would create a fee simple, a subsequent limitation may cut the fee down to a life estate. The article states the view of the dissenter subsequently prevailed and since then the disposition of the court has been to avoid the repugnancy rule by construing the will to create a life estate with at least a partial power to dispose of the fee.

Although our decisions continue to recognize and at times apply the repugnancy rule, they place increasing emphasis upon the consideration of the will as a whole and the reconciliation, if reasonably possible, of all its provisions. See In re Estate of Coleman, 242 Iowa 1096, 1101, 49 N.W.2d 517, 520, and citations.

The trial court interpreted the will as giving the widow a life estate in the property, with power to sell and convey or to encumber. We conclude this interpretation was correct.

IV. The trial court adjudged the power to sell and convey given the widow did not empower her to defeat the rights of one remainderman by conveying to the other by gift or without actual consideration in moneys worth. Appellant contends this was erroneous.

The will gives the widow a life estate in all the real and personal property and full and sole control thereof, with full power to sell and convey the same by deed or otherwise, or to encumber it. All of the property held by her at her death, which was derived by her under the will, whether in the original or a converted form, "shall go equally to my said children." The "power to sell and convey", considered without reference to other language in a will, is not an absolute and unqualified right of disposal. See Mann v. Seibert, 209 Iowa 76, 79, 80, 227 N.W. 614.

72 C. J. S. 423, Powers, section 25d(2) states: "Gifts. Power to sell does not include authority to make a gift of the subject matter, or convey it without consideration, and such a transfer is void."

Various authorities support this pronouncement: Graham v. Stroh, 342 Mo. 686, 117 S.W.2d 258, 261; Presbyterian Orphanage of Missouri v. Fitterling, 342 Mo. 299, 114 Mo. 1004, 1007, 1008; Taylor v. Phillips, 147 Ga. 761, 95 S.E. 289; Chenault's Guardian v. Metropolitan Life Ins. Co., 245 Ky. 482, 53 S.W.2d 720, 723; Sires v. Sires, 43 S. C. 266, 21 S.E. 115; Graff v. Graff, 136 Neb. 543, 286 N.W. 788, 792; Jones v. Stamps, 120 Miss. 60, 81 So. 651, 652.

In support of this assignment of error appellant cites various decisions of this court. In re Estate of Cooksey, 203 Iowa 754, 758, 208 N.W. 337, 339, involved a will which gave the widow the power, " 'to dispose of' " the property, and the gift over was of the " 'property not disposed of.' " The Cooksey case states: "The power is in no way * * * limited to a sale of the property by which the purchase price might be substituted in lieu of the property itself."

The Tague will contains a provision already pointed to: that the proceeds of sales of property were to be substituted for the

property itself. In this respect the Tague will is similar to the will in Brown v. Brown, 213 Iowa 998, 1000, 240 N.W. 910, 911, which states:

"The court is of the opinion that the will in its entirety shows the intention of the testator that his property and the proceeds of that which should be sold were to remain a part of his estate during the life of the widow, * * *."

Under the Cooksey will the exercise of the widow's power of disposition took the proceeds out of the estate. That will gave the remaindermen only the property not disposed of. They had no interest in the proceeds of a sale or other disposition of estate property and, therefore, had no right to complain if there were no proceeds. Under the Tague will such proceeds would become a part of the estate in which appellee was a remainderman, and a disposition of estate property by the widow as a gift would include the remainder interest which did not belong to her.

Continuing the Cooksey case states: "The will does not limit her to a sale of the property, but gives her the broader power to 'dispose' of it, if she so elects. This would include a gift." The power granted by the Tague will is not to "dispose of" but to "sell." "To sell", as thus used, means to transfer for a consideration.

Volz v. Kaemmerle, 211 Iowa 995, 997, 234 N.W. 805, 806, follows the Cooksey case. There the widow was empowered to dispose of the property, " 'as she may see fit' " with a devise over to the children, of whatever property, " 'may be left' " at her death.

The will in Spaan v. Anderson, 115 Iowa 121, 88 N.W. 200, empowered the widow to sell and convey any of the property, and the property remaining at her death was to go to four sons. She converted some of the property into money and paid one son his share in advance. The others ratified the transaction, and the court held it valid as against claims of creditors of the son.

In Paxton v. Paxton, 141 Iowa 96, 97, 119 N.W. 284, 285, the question was whether the widow had power to sell the property which was, " 'to be by her used and enjoyed, as she may choose during her natural life and at her death if any property is remaining to be divided equally among my children * * *'."

Held, the necessary implication from the language was the property could be sold and title conveyed to cut off interests of the remaindermen.

None of these or other decisions called to our attention appears to be in point factually. Where the power of disposal is limited to a specific purpose we have held it does not include the power of disposal by gift. Baldwin v. Morford, 117 Iowa 72, 90 N.W. 487; Brown v. Brown, 213 Iowa 998, 240 N.W. 910; Lovrien v. Fitzgerald, 242 Iowa 1258, 49 N.W.2d 845.

The Tague will did not limit the power of disposition given the widow to a specific purpose. In view of the relatively large indebtedness of the estate it seems probable testator's purpose was to give her the power to sell estate property if it appeared advisable or necessary in connection with the management and preservation of the estate. However, the power of disposition was limited to a sale, the proceeds of which were to remain in the estate. We are satisfied such grant would not empower her to dispose of estate property by gift or without adequate consideration.—Affirmed.

All JUSTICES concur.