## McCreary, Appellant, *v.* Bomberger.

[Marked to be reported.]

*Wills—Power to sell—Mortgage.*

A devisee for life who as executrix is given a power to sell the real estate may execute a mortgage which will bind the remaindermen.

*Evidence of execution of power.*

When a donee of a power to sell land possesses also an interest in the subject of the power, a conveyance by him in his own name without actual reference to the power, will be deemed an execution of it, where there is evidence that the donee so intended.

A testator gave his real estate to his wife for life and made her executrix with power to sell the real estate, "the proceeds to be reinvested in, or secured by, other real estate," subject to the conditions of the will. The executrix in her own name executed a mortgage on the real estate to secure the payment of the price of lumber used in the construction of a house on the premises. No reference was made in the mortgage to the power. The trustee for the remaindermen signed the mortgage. *Held,* that the mortgage was in execution of the power and that the remaindermen were bound by it.

Argued May 30, 1892. Appeal, No. 5, May T., 1892, by plaintiff, John McCreary, from judgment for defendant non obstante veredicto, of C. P. Dauphin Co., June T., 1891, No. 433, on verdict for plaintiff. Before PAXSON, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias sur mortgage with notice to Commonwealth Guarantee Trust & Safe Deposit Co., trustee, and John E. Patterson, guardian ad litem of minor heirs, devisees under will of Lewis Bomberger, deceased.

The facts appear by the opinion of the Supreme Court.

The court charged the jury as follows:

" This case raises questions of law which will have to be determined by the court hereafter when we have more leisure to consider questions of that kind than we now have while trying cases. Therefore, it is not necessary for us to detain you in the case now.

" We instruct you to render a verdict in favor of the plaintiff for the amount in controversy. This verdict will be subject to the reserved question whether there is any evidence in the case which warrants a verdict for the plaintiff. If there is, the verdict will stand. If not, judgment will hereafter be entered in favor of the defendant notwithstanding the verdict."

Verdict for plaintiff. Subsequently the court entered judgment in favor of the defendant non obstante veredicto, in the following opinion by SIMONTON, P. J.:

" Counsel for the plaintiff contends, in the first place, that Sarah Bomberger took a fee in the real estate mortgaged, under the terms of the will above quoted. We have carefully examined the cases cited by him in support of this position but cannot find anything in them to sustain it. The devise is expressly ' for and during her natural life ; ' and the expression ' so much thereof as may remain unexpended ' in the devise over could not have the effect of enlarging the life estate into a fee, nor could the power given to sell the real estate, ' the proceeds to be reinvested or secured by other real estate subject to the same condition,' have this effect. We must therefore hold for the purposes of this case, that Sarah Bomberger took only a life estate.

" The second position taken by counsel for the defendant is that if Sarah Bomberger took only a life estate, then at the time of the execution of the mortgage, the fee was vested in Michael Bomberger, trustee, subject to the life estate, and that he had power to join in the mortgage. The legal title to the fee was doubtless vested in him as trustee, but as there were no active duties to be performed by him it was a mere dry

trust, and the entire beneficial interest was vested in the cestui que trustent, and therefore the equitable estate was fully vested in them: Kay v. Scates, 37 Pa. 31; Yarnall's Ap., 70 Pa. 335; and the trustee had no power to sell or encumber it without their consent.

"As Ann Bomberger has also died, the whole interest in this real estate is vested in the children of Ann and Michael Bomberger, who are named in the petition asking for the appointment of the Trust Company as trustee, which was given in evidence; and it may well be doubted whether we have in this proceeding proper parties before us to enable us, in any view we might take of the law, to render a judgment which would be binding upon these children. The trust being, as we have already stated, a dry trust, the fee is really in them, and they are either minors or have not been served with process in this case, and it may well be doubted whether they are in court by the appearance of the trustee. In this state of the case we should hesitate very much before we would, in any view we might take of the questions considered, enter judgment in favor of the plaintiff; this, however, is not material as, in our opinion, for the reasons above stated the interest of the owners of the fee was not bound by the mortgage, and therefore judgment must be entered in favor of the defendant non obstante veredicto; which is accordingly ordered."

Plaintiff thereupon appealed.

*Errors assigned* were (1) in entering judgment, for defendant non obstante veredicto, as there was no question of law reserved upon any fact agreed to by the parties or ascertained by the verdict; (2) in ruling that there was no evidence in the case that warranted a verdict for the plaintiff and in granting the motion for judgment in favor of defendant non obstante veredicto.

*Wm. B. Lamberton,* for appellant.—There was no proper reservation of a point of law. The judge cannot draw conclusions of fact from evidence and enter judgment thereon non obstante veredicto: Wilde v. Trainor, 59 Pa. 439; Miller v. Hershey, 59 Pa. 64; Winchester v. Bennett, 54 Pa. 510; Inquirer Co. v. Rice, 106 Pa. 623; Buckley v. Duff, 111 Pa. 223; Campbell v. O'Neill, 64 Pa. 290; Keifer v. Eldred Twp.,

110 Pa. 1; Patton v. R. R., 96 Pa. 173; North Am. Oil Co. v. Forsyth, 48 Pa. 291; Chandler v. Ins. Co., 88 Pa. 223.

The court cannot withdraw from the jury the decision of the fact whether under all the evidence in the cause the plaintiff is entitled to recover: Clark v. Wilder, 25 Pa. 314; Wilson v. Steamboat Tuscarora, 25 Pa. 317; Smith v. Arsenal Bank, 104 Pa. 518; Miller v. Bedford, 86 Pa. 454; Buckley v. Duff, 111 Pa. 223; Central Bank of Pittsburgh v. Earley, 113 Pa. 477; Henry v. Heilman, 114 Pa. 499; Miller v. Bedford, 86 Pa. 454; Fayette City v. Huggins, 112 Pa. 1.

It is immaterial what interest Sarah Bomberger took in the real estate. She was expressly given by the will a power to sell the real estate, which included the power to mortgage it, and the mortgage was well executed: Zane v. Kennedy, 73 Pa. 192; Duval's Ap., 38 Pa. 113; Penna. Co. for Ins. etc. v. Austin, 42 Pa. 257; McAleer's Ap., 99 Pa. 138; Fidelity Ins. Trust etc. Co. v. Wurfflein, 15 W. N. 28; Wurfflein v. Haines, 14 W. N. 76; Duval's Ap., 38 Pa. 113; Magraw v. Pennock, 2 Grant, 89.

The fact that Sarah Bomberger sealed the mortgage personally, and not as executrix, will not prevent its execution being referred to the power of sale, if that is necessary to carry out the intent of the parties: Jones v. Wood, 16 Pa. 25; Hay v. Mayer, 8 Watts, 203; Krieder v. Lafferty, 1 Wharton, 315; Rebeno v. Marlatt, 6 Pa. C. C. R. 251; Wynkoop v. Wynkoop, 10 W. N. 65; Allison v. Kurtz, 2 Watts, 188; Miner's Ap., 61 Pa. 283; Lancaster Bank v. Myley, 13 Pa. 544; Tyler v. Moore, 42 Pa. 374.

Sarah Bomberger had a right to expend the corpus of the estate: Postlethwaite's Ap., 68 Pa. 477; Follweiler's Ap., 102 Pa. 581; Rewalt v. Ulrich, 23 Pa. 389; Cod v. Rogers, 77 Pa. 160; Diehl's Ap., 36 Pa. 120; Silknitter's Ap., 45 Pa. 365; Straub's Ap., 1 Pa. 86; Pennock's Est., 20 Pa. 268; Jauretche v. Proctor, 48 Pa. 466; Norris v. Rawle, 16 W. N. 240; Presbyterian Church v. Disbrow, 52 Pa. 219; Gittleman's Ap., 3 Walker, 270.

The joinder of its trustee in the mortgage bound the remaindermen: Act of July 24, 1834, P. L. 73; Blight v. Wright, 1 Phila. 549; Brown and Sterrett's Ap., 27 Pa. 62; Parkinson's Ap., 32 Pa. 455; Gast v. Porter, 13 Pa. 533; Styer

v. Freas, 15 Pa. 339; Coover's Ap., 74 Pa. 143; Hamlin v. Thomas, 126 Pa. 20; the trust was an active one: Bacon's Ap., 57 Pa. 504; Watson's Ap., 125 Pa. 340; Eachus's Ap., 91 Pa. 105; Keene's Est., 81 Pa. 133; Fidelity Co.'s Ap., 5 W. N. 513.

*Samuel J. M. McCarrell,* for appellee.—No exception was taken to the manner in which the question of law was reserved. The court will therefore not consider the insufficiency of the reservation: Mohan v. Butler, 112 Pa. 596; Ins. Co. v. Phœnix Co., 71 Pa. 31; Koons v. Telegraph Co., 102 Pa. 164; Headley v. Renner, 129 Pa. 544.

There is nothing to show that Sarah Bomberger intended to exercise the power conferred upon her by the will. She signed the mortgage in her own name and not as executrix, and the mortgage contains no reference to the power. In Wynkoop v. Wynkoop, 10 W. N. 65, there was an express recital of the power.

There was no power in the trustee to bind the heirs at the time the mortgage was executed: Hay v. Moyer, 8 Watts, 203; Sweigart v. Frey, 8 S. & R. 299.

Lancaster v. Dolan, 1 Rawle, 231, and Zane v. Kennedy, 73 Pa. 191, cited by appellant, are not analogous to the case. In Zane v. Kennedy, there was an express consent in writing by the cestui que trust.

OPINION BY MR. CHIEF JUSTICE PAXSON, October 3, 1892.

The learned judge below instructed the jury to find a verdict for the plaintiff subject to the reserved question whether there was any evidence in the case to sustain such verdict. Subsequently he entered judgment for the defendant non obstante veredicto.

The learned judge was of the opinion that Sarah Bomberger took but a life estate in the land in question under the will of her husband, Lewis Bomberger. The will, so far as it applies to the present case, is as follows:

" I give, devise, and bequeath to my beloved wife, Sarah Bomberger, my house and lot in which I now reside, and all the household furniture and other items belonging to me not herein particularly mentioned; to have and to hold the said messuage and appurtenances and goods and chattels for and during her natural life; and at the death of my said wife all the prop-

erty hereby devised and bequeathed to her as aforesaid, or so much thereof as may remain unexpended, I give and devise unto my son Michael Bomberger, in trust for his wife, Ann Bomberger, and their heirs; and further, if at any time it should be deemed advantageous to dispose of said house and lot, my said executrix, or, in the event of her death, the said aforenamed trustee is hereby authorized and empowered to sell and dispose of the same, the proceeds to be reinvested in, or secured by other real estate subject to the same conditions."

The said Sarah Bomberger was made executrix of the will.

We need not discuss the extent of her interest in the real estate, for, conceding it to be but a life interest, it by no means follows that the mortgage did not bind the remainder. It will be noticed that the will gives her an absolute power of sale subject to the provision that the proceeds are to be reinvested in or secured by other real estate. It is familiar law in this state that an absolute and unrestricted power to sell includes a power to mortgage. It was said by Justice SHARSWOOD in Zane v. Kennedy, 73 Pa., at page 192: " We cannot regard this as an open question. It was expressly decided in Lancaster v. Dolan, 1 Rawle, 231, that a power to sell does include a power to mortgage, which is a conditional sale." We need not multiply authorities upon so plain a proposition.

It was contended, however, that inasmuch as Mrs. Bomberger did not execute the mortgage in her name as executrix, but merely in her individual capacity, that it did not bind the estate in remainder. The fact that she sealed the mortgage personally and not as executrix will not prevent its execution being referred to the power of sale, if that is necessary to carry out the intent of the parties. It is the intention of the parties that governs the construction of the instrument: Hay v. Mayer, 8 Watts, 203. The distinction settled by the decisions appears to be this: When a donee of a power to sell land possesses also an interest in the subject of the power, a conveyance by him without actual reference to the power will not be deemed an execution of it, except there be evidence of an intention to execute, or, at least, in the face of evidence disproving such an intention: Jones v. Wood, 16 Pa. 25.

We think there is abundance of evidence that Mrs. Bomberger intended to execute the power. It is true, there is no

reference to it in the mortgage, and if it were an unbending rule that such a reference must appear upon the face of the papers, the defendant's position would be unanswerable. When all the circumstances surrounding the transaction are considered, we do not think it can be sustained. It must not be forgotten that the lumber for which the mortgage was given was used in the construction of a house upon the premises devised to her by her husband. This was not a literal compliance with the will, but it was a substantial one, and one of which the remaindermen have no cause to complain. She was authorized to sell the property and invest it in other real estate. Instead of doing so she built another house upon it and executed this mortgage to enable her to do so. She thus increased the value of the estate in remainder to that extent. The further fact that the trustee joined in the execution of the mortgage is also a pregnant circumstance to show the intention of the parties. He could have joined for no other purpose than to bind the estate of those in remainder. If Mrs. Bomberger had intended to bind only her life estate the joinder of the trustee was wholly unnecessary. Nothing that he could do could bind the estate of the widow. In this view it is unnecessary to discuss the question how far the trustee was authorized to sell or mortgage the property during the lifetime of Sarah Bomberger. She had the right to mortgage it and the action of the trustee is important only as throwing light upon the intention of the parties.

The judgment is reversed, and it is now ordered that judgment be entered for the plaintiff upon the verdict.