(77 South. 699)

STAY et al. v. STAY. (3 Div. 328.)

(Supreme Court of Alabama. Jan. 24, 1918.)

WILLS ⟶693(5)—POWER TO "DISPOSE OF" TESTATOR'S ESTATE.

In a provision of a will giving remainder of testator's estate, real and personal, to a daughter and her children forever, the clause, "my estate to be controlled and disposed of as she wishes by my daughter," authorized the daughter to dispose of the entire estate, including her children's undivided interest, by mortgage as well as by unconditional sale; for it seems that "dispose of" is a more generic term than "sell" or "transfer," and imports a larger power, unless restricted by the context, or by the obvious purpose of the grantor (citing Words and Phrases, Dispose of).

Appeal from Circuit Court, Montgomery County; O. S. Lewis, Judge.

Suit in equity by Hazard Henry Stay and others against Martha R. F. Henry Stay. From decree for respondent, complainants appeal. Affirmed.

W. A. Jordan, of Montgomery, for appellants. Hill, Hill, Whiting & Stern, of Montgomery, for appellee.

SOMERVILLE, J. The bill is filed to obtain an authoritative construction of the following provision of the will of Mrs. Mary McCurdy Henry:

"I give, devise and bequeath all the remainder of my estate both real and personal to my beloved daughter, Martha Henry Stay, and her children, forever, *my estate to be controlled and disposed of as she wishes by my daughter.*" (Italics supplied.)

The particular inquiry is whether the mother, Martha Henry Stay, is authorized by the italicized provision to dispose of the entire estate, including her children's undivided three-eighths interest, by mortgage as well as by unconditional sale.

The courts have not committed themselves to any inflexible definition of the words "dispose of," as comprehending a grant of power operating upon property. It seems to be agreed, however, that "dispose of" is a more generic term than sell or transfer, and imports a larger power, unless restricted by the context, or by the obvious purpose of the grantor. See the title "dispose of" in 3 Words and Phrases, pp. 2114–2118. In the case of Benz v. Fabian, 54 N. J. Eq. 615, 622, 35 Atl. 760, 763, Grey, V. C., said:

"If the question arose in the case, I should hesitate to hold that a power to dispose of property as the donee may think proper, with no

direction as to any disposition to be made of the proceeds arising from such disposal, is limited in its exercise to the making of a sale only. * * * By the authorization to the donee to dispose of the property 'as she may think proper,' it may be forcefully claimed that the donor of the power referred the selection of the mode of disposal, whether by sale, mortgage, lease or otherwise, to the discretion of the donee."

See, also, Clute v. Loveland, 68 Cal. 254, 9 Pac. 133, 136; Platt v. Union Pacific R. R. Co., 99 U. S. 48, 59, 25 L. Ed. 425; U. S. v. Gratiot, 39 U. S. (14 Pet.) 526, 537, 10 L. Ed. 573; Faulk v. Dashiell, 62, Tex. 642, 649, 50 Am. Rep. 542; Rutherford Co. v. Sanntrock, 60 N. J. Eq. 471, 46 Atl. 648; Gordon v. Preston, 1 Watts (Pa.) 385, 386, 26 Am. Dec. 75.

In the present case we can entertain no doubt but that the testatrix intended to arm Mrs. Stay with a plenary power to sell, mortgage, or lease the entire estate at her discretion. Such is the natural import of the words she used, and there is nothing in the context of the will, or in the circumstances of the parties concerned, which suggests a narrower meaning.

Let the decree of the chancery court be affirmed at the cost of complainant.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.