Lucy M. Volz, Appellant, v. Mary Kaemmerle et al., Appellees.

No. 40587.

February 10, 1931.

*George C. Gorman,* for appellant.

*L. D. Dennis,* for appellees.

Morling, J.—The plaintiff summarizes her contention as follows:

"The appellant contends that the widow has a life estate only, and that the power of disposition, if any, is limited to specific purposes; that she especially does not have the right to make a gift of all of said property, real and personal, to two of the remaindermen for the manifest purpose of excluding the third remainderman and in that manner defeat the will of the testator."

To this we may add that, as we understand, plaintiff makes the further claim that a deed of real estate made by the three

children to the widow was made for the purpose of enabling her, in making sale, to convey an unclouded legal title, but on the agreement, as testified by plaintiff, that the widow "would do the right thing * * * That she would keep and hold the proceeds of it, if she cared to sell any of the property * * * That she [the widow] would never spend it [the money] foolishly, and she would reserve and hold it for us children." Disposing of this last contention first, we may say briefly that, while plaintiff is corroborated to some extent by the witness Shonka, yet, though she has the burden of proof, the decided preponderance of the evidence is in contradiction of that of the plaintiff and Shonka.

Defendants concede that the estate taken by the widow under the will is one for life only. Plaintiff concedes that the will superadds to the life estate a power of disposition by the life tenant, but contends that this power of disposition is limited to a disposition for the purpose of satisfying her necessities and securing to her support and maintenance. Plaintiff contends that the disposition in controversy is a gift, and not authorized by the power of disposition conferred by the will upon the life tenant.

With respect, however, to the contention that the conveyances and assignments in question are a gift, the evidence shows that, at the time that they were made, and in consideration thereof, and of love and affection, the defendant children agreed in writing to provide the widow "with a home for the balance of her life, and provide her with all the necessaries of life, including food, clothing, medical attention, and money for her private wants, and give her such personal care and attention as she desires for the remainder of her life." Even if we leave out of consideration uncontradicted testimony showing contributions made by defendant children to the upkeep of the property and to the support of plaintiff and her children and the home in which they were all living, the conveyances and assignment under attack cannot be said to be merely a gift.

The real question presented is whether the power of disposition given by the will to the life tenant is limited to disposition for the purpose of her support and maintenance. The will is dated January 26, 1898, and, so far as material, reads as follows:

"First: I give, devise and bequeath unto my wife, Mary Kaemmerle, the use and benefit of all the real and personal prop-

erty of which I may die seized, giving unto my said wife the entire and absolute use and control of said property of whatever character or wherever situated, and especially giving unto her the right to use and dispose of the same in such manner as she may see fit, the same to be in lieu of dower.

"Second: At her death I give, devise and bequeath to my children equally, share and share alike, whatever of my property may be left."

By this will the three children are given only "whatever of my property may be left." The plaintiff points out no language in the will indicating a purpose upon the part of the testator to limit the unrestricted language of the clause "and especially giving unto her the right to use and dispose of the same in such manner as she may see fit," except the adoption therein in three instances of the word "use." As the will gives the widow "the use and benefit of all" the property, and again gives her its "use," plaintiff argues that the language conferring the power "to use and dispose" must be given a cognate interpretation, and the power of disposition limited to purposes of the widow's use and benefit. As has been stated, it is conceded that the estate given is only an estate for life. The will, however, emphasizes the intention to give to the "wife the entire and absolute use and control of all of said property," and, enlarging upon the gift and the right of absolute use and control, proceeds further, and by use of the word "especially," emphasizes "especially giving unto her the right to use and dispose of the same," and, instead of using words of restriction or limitation, proceeds, "in such manner as she may see fit."

The only circumstances surrounding the execution of the will shown by the record are that the plaintiff, who, at the time of the trial, in 1930, was 36 years of age, could not have been, when the will was made, over 4 years of age; while defendant Elisa, aged 40 at the time of the trial, and Karl, aged 32, could not have been over 8 and 1 year, respectively,—all immature. Both testator and defendant widow were thrifty and economical. What property they then had is not shown. There is, therefore, nothing either in the language of the will or in the proved circumstances existing at the time of its execution which would have any tendency to show a limitation or restriction upon the effect to be given to the language of the will, "especially giving unto her the

right to use and dispose of the same in such manner as she may see fit." The testator surely had a purpose in the progressive and emphasized enlargements of the benefit and authority or power given by him to his widow. If he had had in mind limiting or restricting her in the execution of the power conferred, he surely would have used other language to indicate such intention. In *In re Estate of Cooksey*, 203 Iowa 754, the language of the power superadded to a life estate was "to dispose of and pass clear title to any or all of said property during her lifetime 'if she so elects.'" We there sustain the exercise of the power, as against the contention that "the widow did not receive the value of the property transferred." We have no occasion to reiterate or enlarge upon the discussion in that case. It is controlling.

Plaintiff, in pleading and argument, indefinitely suggests "fraud." Appended to the agreement for support is "a part explanation," setting out the relative claims of the children upon the generosity of the parents, concluding as follows:

"That, during the whole of said time that my said daughter Lucy and her children lived with me, I, together with my son Karl and daughter Elisa, expended a large amount of our money and of our time in looking after and taking care of the said children of my daughter Lucy. That I now feel that my daughter Lucy has already received, in money and time expended by myself, my deceased husband, and my daughter Elisa and son Karl, by far more than my son Karl and my daughter Elisa have received from either myself or my deceased husband or both. In addition, my daughter Lucy is now again married, and has a husband who is amply able to, and I feel will, in the future, provide for her and her said children."

The truthfulness of the recitals in this addendum is not assailed. On the contrary, there is much other evidence to sustain in part the recitals thus made and to uphold the disposition under attack, as in line with testator's purpose of providing for ultimate equal benefits among his children in whatever of his property might be left in the estate. Fraud is not proven.

Of course, no question in reference to what at the widow's death may turn out to be a part of the property left is now before us.—*Affirmed.*

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.