ST. JOSEPH HOSPITAL, LEXING-
TON et al.

v.

DWERTMAN et al.

Court of Appeals of Kentucky.

Jan. 22, 1954.

Rehearing Denied June 23, 1954.

R. P. Moloney, Donald P. Moloney, and F. Selby Hurst, Lexington, William E. Wehrman, Covington, for appellants.

Charles S. Adams, Eugene Benzinger, Covington, for appellees.

CLAY, Commissioner.

This is a declaratory judgment action seeking the proper construction of the will of Frank W. Harting. The principal question involved is the character of the estate devised and bequeathed to the testator's wife and daughter. The controversy is between those parties and three charitable institutions named in the will.

The pertinent provisions of the will, which was drafted by a layman, are as follows:

> "I give, devise, bequeath, my estate, real, personal and mixed, wherever it may be found, and of whatever it may consist, jointly to my wife, Louise Harting, as long as she remains my widow, and my daughter, Mary Jane Harting."

\* \* \* \* \* \*

> "In case of the death of either my wife or daughter the estate of every description, will go to the one alive."

\* \* \* \* \* \*

> "I want my wife and daughter, during their lifetime to enjoy the full benefit of my estate."

> "In case of the death of both my wife and daughter and there are no heirs blessed to her union" then the estate is to be divided between three charitable institutions.

Omitting details of the judgment, the basic decision of the Chancellor was that the widow and daughter had *a joint life estate with survivorship, coupled with the full*

*power to dispose of the entire estate other than by will* (subject to the condition that the widow's estate may be divested in the event she remarries), and unless the daughter has surviving children, upon the death of both life tenants the estate shall be divided equally among the three charitable institutions named as contingent beneficiaries. An appeal and a cross-appeal have been taken by the interested parties. The widow and daughter contend that the judgment should have declared them vested with an absolute fee simple title, while the charitable institutions insist the judgment erroneously authorized the widow and daughter to encroach upon the corpus of the estate.

■ On behalf of the widow and daughter, the position is taken that construing the will as a whole it is evident the testator intended to devise and bequeath to them a fee simple estate. It is contended that the first provision above quoted passes such an estate and the other parts of the will do not show a different intent. The trend of their argument is this: In the second and fourth provisions above quoted, by use of the words "in case of the death" of either or both the wife and daughter, the testator was referring to their death *prior* to his, and since they both outlived him, the contingent devises are no longer effective. Reference is also made to similar language used with respect to an alternate administrator. Reliance is placed on Prewitt v. Prewitt's Executors, 303 Ky. 772, 199 S.W. 2d 435, and similar cases.

On the other hand, the adverse parties rely upon KRS 381.080; Harvey v. Bell, 118 Ky. 512, 81 S.W. 671; and Atkinson v. Kern, 210 Ky. 824, 276 S.W. 977. The cited statute in substance provides that unless a different purpose is plainly expressed in the instrument, every limitation in a will contingent upon a person dying "without heirs" or "without children" or "issue" or other words of like import shall be construed a limitation to take effect when such person dies.

In all three cases above cited it was recognized that the statute, insofar as it referred to real estate, must be construed to mean the death of the person mentioned *at any time*. In the Prewitt case a different purpose was found to be clearly intended by the words of the will.

It is argued that the fourth provision above quoted, to which the statute would be applicable, is qualified by the other references in the will to the death of the wife or daughter, and that the testator in referring to death clearly meant dying before he did. It is difficult to construe the other terms of the will as indicating any such intent. Reading it in its entirety, even without the statute to guide us, nothing even suggests the testator had in mind the possible death of either or both his wife or daughter prior to his own. His obvious intent was to provide for them as long as either should live, and the death of either prior to or after his death would in no way alter the principal objectives of the will. The Chancellor correctly decided this issue.

■ A more serious question is presented with respect to the right of the wife and daughter to dispose of the corpus of the estate. We agree with the Chancellor that the third provision of the will above quoted gave the wife and daughter a joint life estate with survivorship of such estate, although it is suggested on behalf of one of the charitable institutions that the estate devised and bequeathed was a defeasible fee. It is contended that the words "I want my wife and daughter, during their lifetime to enjoy the full benefit of my estate" could not be construed to authorize the beneficiaries to encroach upon the corpus.

Standing alone, this provision would perhaps do no more than create a life estate. However, when read with the first provision of the will above quoted, we find that it takes on added meaning. The former devised and bequeathed the estate outright in fee simple to these beneficiaries. The later provision may be considered as doing two things: (1) it reduces the fee to a life estate but (2) at the same time shows that the testator intended his wife and daughter to have, not the full benefit of the life estate, but the *full benefit of his estate*. Re-

ferring back to the first provision, it is apparent that he intended to give his entire estate, rather than merely the income, to these beneficiaries for their lifetime. Such being the proper construction of the will, the Chancellor correctly recognized the right of the widow and daughter to use and dispose of the corpus for their own benefit.

However, the unlimited right of disposition except by will, which the Chancellor allowed, is contrary to a very recent decision of this Court adopting a different rule which we consider here applicable. The case is Collings v. Collings' Ex'rs, Ky., 1953, 260 S.W.2d 935. This opinion was not published until after the entry of the judgment in this action, and the failure of the judgment to conform therewith is no reflection upon the Chancellor.

In the case just cited it was recognized that the widow of the testator was vested with a life estate, coupled with a right to encroach upon the corpus. It would seem appropriate to characterize such an interest as a consuming life estate. Its true nature and the limitations upon the right of disposition appear in the following quotation from that case, 260 S.W.2d at page 937:

> "Inherent in the will is the plain meaning that there was bestowed upon the widow an implied power to encroach upon the corpus of the estate during her lifetime. The testator undoubtedly intended that his widow should have a free hand in the use and management of his property and he meant, we believe, for her to have this use and management untrammelled by court proceedings or other interference. In short, we are of the opinion and we hold that it was the testator's intention that his widow should possess all right as to the use and enjoyment of the devised estate during her natural life; nevertheless, *she may not willfully waste it, nor give it away, nor dispose of it by will.*" (Our italics.)

The judgment in this action should be modified to provide that the right of disposition is limited to the extent that the life tenants may not willfully waste the estate or give it away. The judgment as entered contains the limitation with respect to disposition by will.

The judgment is reversed on the original appeals with directions to modify it consistently with this opinion and is affirmed on the cross appeal.