**Robert McCARTHY, Appellant,**

v.

**Agnes McCARTHY, Gerald McCarthy and Mary Elizabeth McCarthy n/k/a Mary Elizabeth Trumm, Appellees.**

**No. 53966.**

Supreme Court of Iowa.

June 23, 1970.

Jesse, LeTourneau & Johnston, by Lawrence LeTourneau, Des Moines, for appellant.

Alan E. Kean and Alfred E. Hughes, Dubuque, for appellees.

RAWLINGS, Justice.

Action in equity by plaintiff remainderman against mortgaging life tenant in possession of farm land, and others, seeking construction of granting will, and an accounting. Trial court held adverse to plaintiff and from order of dismissal, he appeals. We affirm.

Plaintiff is one of testator's sons. Defendants are testator's wife, another son, and daughter. For convenience Agnes McCarthy, widow and life tenant, will be treated as sole defendant.

Joseph L. McCarthy died testate November 10, 1954. His will, admitted to probate, first makes provision for payment of debts and three relatively minor charitable bequests. In material part it then provides:

"5. All of the rest, residue and remainder of my property, personal, real and mixed of every kind and nature, I give, devise and bequeath to my wife, Agnes McCarthy, to have and to hold as her own during her natural lifetime.

"*I grant unto my wife the power to sell and convey any and all of the real estate* that I may die seized of and my said wife wife (sic) is to have the use of and the income from all of my property subject to the payment of the foregoing bequests, costs of administration and burial and during her possession of said property, I hereby direct that she pay all the taxes on said real estate, the upkeep of said real estate *including insurance and all expenses in connection with the operation of the real estate.* (Emphasis supplied).

"6. *After the death of my said wife, whatever property remains, personal, real or mixed of every kind and nature,* I give, devise and bequeath in equal shares to my children, Robert McCarthy, Mary Elizabeth McCarthy, and Gerald McCarthy,

share and share alike." (Emphasis supplied)

The surviving widow took possession of the farm property, and about May 13, 1966, mortgaged it as security for payment of a $35,000 loan.

Out of this sum $11,372.55 was paid to satisfy a prior existing mortgage; $79 went for abstract fees; $712 was spent for the drilling of a well; $827.30 was paid for graveling an access lane; and the remainder disbursed in the construction of a new house, the old one having suffered extensive deterioration by age.

All taxes had been paid at time of trial, and since 1954 productivity of the land has improved.

Without question, the life tenant has been frugal and industrious. Furthermore, all funds expended, supra, clearly enhanced value of the farm.

Two propositions urged by plaintiff in support of a reversal are, trial court erred in, (1) holding power of sale or conveyance accorded the life tenant included authority to encumber, and (2) admitting in evidence the record relative to prior probate proceedings.

I. This case was tried in equity. Resultantly our review is de novo. Rule 334, Rules of Civil Procedure, and Buda v. Fulton, Iowa, 157 N.W.2d 336, 338.

II. At the outset all parties have apparently proceeded on the assumption, and we agree, the widow here acquired a life estate with attendant unlimited lifetime power to sell and convey any or all of the corpus. See In re Estate of Cooksey, 203 Iowa 754, 757–758, 208 N.W. 337; 31 C.J. S. Estates §§ 30–32, pages 52–59; and 33 Am.Jur., Life Estates, Remainders, Etc., section 21, page 484.

■ III. In cases such as this the testator's intention is our polestar which must be gleaned from a consideration of lan-

guage employed in the will as a whole, and other relevant factors. See In re Estate of Lamp, Iowa, 172 N.W.2d 254, 257, and citations.

IV. The basic question presented is whether a life tenant with attendant authority to sell may invade the corpus of the estate.

More specifically, does a life tenant's unrestricted power to sell and convey include authority to encumber the fee?

■ On that issue it is ordinarily understood, a life tenant's power to intrench upon or consume the principal of an estate does not exist under a will unless specifically conferred, or can be reasonably inferred from testamentary language used.

In this case the will does not expressly grant the widow power to encumber the fee. As a result, that right, if it exists, must be implied from the intent and meaning of the testamentary instrument. This, however, is not an insurmountable task and we will read such meaning into the will if, by a construction of the entire instrument, it is reasonably evident the testator so intended.

In support of the foregoing see Hamilton v. Hamilton, 149 Iowa 321, 330, 128 N.W. 380; Jorge v. da Silva, 100 R.I. 654, 218 A.2d 661, 662–663; 5 Page on Wills, Bowe-Parker Revision, section 45.2–45.3; 33 Am.Jur., Life Estates, Remainders, Etc., section 235, page 722; and 31 A.L.R.3d 6, 22.

■ So decedent's implied intent, if any, must be determined.

V. This court has not previously been called upon to evaluate the specific problem now before us. That is understandable for as repeatedly stated few if any cases of this nature stand squarely as precedent. Some guidance is to be found, however, in the case of In re Estate of Cooksey, supra, where we held a will giv-

ing the life tenant power to "dispose of and pass clear title" to property included sale or gift, without exchange or substitution.

Also in Volz v. Kaemmerle, 211 Iowa 995, 234 N.W. 805, the will accorded a life tenant absolute use and control of all property, especially to use and dispose of it in such manner as she shall see fit. Our interpretation there was, loc. cit., 211 Iowa 998, loc. cit., 234 N.W. 806: "The testator surely had a purpose in the progressive and emphasized enlargements of the benefit and authority or power given by him to his widow. If he had had in mind limiting or restricting her in the execution of the power conferred, he surely would have used other language to indicate such intention."

See also Lovrien v. Fitzgerald, 242 Iowa 1258, 1263–1265, 49 N.W.2d 845, distinguishing Cooksey and Volz, both supra, from those cases involving a life tenant's limited power of disposal, not here present.

VI. What then is the indicia of intention to be found in the testamentary instrument here involved?

In relevant part, testator's will specifically gave to the life tenant, "power to sell and convey any and all of the real estate", and on her death "whatever property remains, personal, real or mixed, of every kind and nature", to vest in designated remaindermen.

The apparent majority rule is that, where a life tenant is accorded unrestricted power to sell or convey, followed by a gift over after the life estate, any qualifying terms such as "whatever property remains", "so much as remains", and "the remainder if any", or words of like import, ordinarily mean the life tenant may intrench upon the principal or corpus. See editorial preface, Annos. 108 A.L.R. 542, 544.

To the same effect is this statement in Jorge v. da Silva, supra, loc. cit., 218 A.2d 663: "* * * the courts have said that

the testator (thereby) anticipated a possible diminution of the corpus and in the absence of any language or circumstances indicating a contrary intent have sometimes inferred that the testator intended that the first taker could use or consume the corpus at the expense of the remainderman. (Authorities cited)." See also Hamilton v. Hamilton, 149 Iowa 321, 330, 128 N.W. 380; Wenger v. Thompson, 128 Iowa 750, 754, 105 N.W. 333; Dennis v. Trustees of Choateville Christian Church, Ky., 290 S. W.2d 601, 602–603; St. Joseph Hospital, Lexington v. Dwertman, Ky., 268 S.W.2d 646, 647–648; In re Kelly's Will (Sur.), 137 N.Y.S.2d 87, 88–90; 5 Page on Wills, Bowe-Parker Revision, section 45.6; 33 Am.Jur., Life Estates, Remainders, Etc., section 237, page 724; and Annos. 31 A.L. R.3d 6, 24.

VII. The foregoing view is accorded more than minimal support by these authorities which unqualifiedly hold, a life tenant's unrestricted authority to sell or convey real estate includes power to encumber the fee, because mortgages are regarded as a conditional or qualified sale. In this regard see Babcock v. Hoey, 11 Iowa 375, 377–378; Stay v. Stay, 201 Ala. 173, 77 So. 699; In re Stannert's Estate, 339 Pa. 439, 15 A.2d 360, 363; McCreary v. Bomberger, 151 Pa. 323, 24 A. 1066, 1067; 1 American Law of Property, section 2.17(e); 5 Page on Wills, Bowe-Parker Revision, section 45.7; 31 C.J.S. Estates § 55, pages 118–119; 96 C.J.S. Wills § 1067c, page 713; 33 Am.Jur., Life Estates, Remainders, Etc., section 247, page 732; and Annos. 92 A.L.R. 882, 889. See also Brenton Bros. v. Bissell, 214 Iowa 175, 183, 239 N.W. 14; Brunsdon v. Brunsdon, 199 Iowa 1099, 1112, 200 N.W. 823; 59 C. J.S. Mortgages § 232, page 302; and 36 Am.Jur., Mortgages, section 205, page 794. But see Burns v. Burns, 233 Iowa 1092, 1095, 11 N.W.2d 461.

Finally, as stated in Hamilton v. Hamilton, supra, loc. cit., 149 Iowa 331, loc. cit., 128 N.W. 383: "Ordinarily, a mortgage * * * would be less inimical to the in-

terests of the remainderman than an absolute conveyance."

VIII. We are persuaded, and now hold, inherent in testator's will is the plain meaning that there was bestowed on the widow, Agnes McCarthy, an implied power to in good faith encroach upon or invade the corpus of the estate during her lifetime, subject to the condition she may neither waste nor dispose of it by gift or will.

Stated otherwise, the will before us, when fairly construed, denotes it was testator's intention that his surviving widow could at any time, in her sole discretion, effect a good faith sale of the property or any part thereof, or in like manner encumber the fee.

█ In that regard the record also clearly reveals the life tenant here acted in good faith, the bona fides of the transaction and use of funds derived therefrom standing above any possible suspicion of waste or fraud. By the same token she acceptably accounted for all money received.

We therefore conclude trial court was correct in holding adverse to plaintiff and dismissing his petition.

IX. Having thus resolved the determinative issue on this appeal, we need not reach or consider the other proposition here urged by plaintiff.

Affirmed.

All Justices concur, except STUART, J., who concurs specially, and BECKER, J., who takes no part.

STUART, Justice (concurring specially).

I concur in the affirmance but would limit our holding to the proposition that the power to sell and convey real estate implies a right to mortgage for three reasons: (1) Attorney for defendant stated in oral argument they were not, on appeal, contending for a right to invade the corpus. (2) The trial court did not decide that the life tenant had the power to invade the corpus and such holding here gives her a more favorable result than she received below without appealing. (3) The will, while granting a full power to sell, does not give the life tenant the power to invade the corpus.

Defendant in her answer prayed for a determination that she had the right to invade the corpus as well as encumber the real estate. The trial court held the full power of "disposition" given in the will included the right to mortgage but did not specifically or impliedly decide the question of the right to invade the corpus. He avoided making such determination. He concluded: "What Agnes McCarthy has done is to change the form of her investment. She could have sold off a part of the acreage and built a new home with the proceeds. Rather than do that she mortgaged the entire acreage and built the new home. The remaindermen have no reason to complain because the home is there and will become theirs upon the death of Agnes McCarthy unless she disposes of it in the meantime."

Defendant made no motion for enlargement of the findings and took no appeal from the trial court's ruling. There is no proposition of law nor brief point urging the power to invade the corpus before us and as stated earlier defendant's attorney, in reply to a direct question on oral argument, stated they were not, on this appeal, contending defendant had such right.

With the possible exception of matters of child custody and visitation, we have repeatedly refused to render an opinion granting an appellee more favorable relief than was received in the trial court.

In Bartels v. Hennessey Brothers, Inc. (Iowa 1969), 164 N.W.2d 87, 92, we said: "The answer filed by defendant-appellee alleges, inter alia, the deed to first grantee was not intended as a conveyance of title to any property, and asks first grantee be barred and estopped from ever having or claiming any right in [certain lots].

"But, trial court failed to expressly or impliedly determine the issue thus raised by common grantor's answer, and no request was made for clarification, amplification, or correction of the court's findings and conclusions. (Citations)

"The record also discloses defendant-appellee neither appealed nor cross-appealed, and resultantly can have no greater relief or redress here than was accorded it by trial court." See: Morris Plan Leasing Co. v. Bingham Feed & Grain Co. (1966), 259 Iowa 404, 424, 143 N.W.2d 404, 417; In re Clausen's Estate (1965), 258 Iowa 324, 331–332, 139 N.W.2d 196, 200–201; Decker v. Juzwik (1963), 255 Iowa 358, 371, 121 N.W.2d 652, 659; Randolph Foods, Inc. v. McLaughlin (1962), 253 Iowa 1258, 1277, 115 N.W.2d 868, 879; S. Hanson Lumber Co. v. DeMoss (1961), 253 Iowa 204, 208–209, 111 N.W.2d 681, 685; Schlotfelt v. Vinton Farmers' Supply Co. (1961), 252 Iowa 1102, 1115, 109 N.W.2d 695, 702.

The majority opinion holds defendant has "an implied power to in good faith encroach upon or invade the corpus of the estate during her life, subject to the condition she may neither waste nor dispose of it by gift or will". I am not persuaded Mr. McCarthy's will bears such construction.

The majority says: "In relevant part, testator's will specifically gave to the life tenant, 'power to sell and convey any and all of the real estate' and on her death 'whatever property remains, personal, real or mixed, of every kind and nature', to vest in designated remaindermen." If these were all the relevant provisions in the will, I would agree that the power to dispose of the proceeds of the sale might be implied from the last provision. However, there is nothing contained therein which would restrict the life tenant's right to make gifts. This limitation is arbitrarily imposed by the majority opinion.

The majority ignores a clause of equal relevance. After giving his wife a life estate in his residual property, Mr. McCarthy gave her the "power to sell and convey any and all of the real estate that I may die seized of and *my said wife is to have the use of and the income from all of my property*" subject to the payment of debts and expenses.

It is important to note the limitation to the use of and the income from his property is included in the clause which gives her the power to *sell and convey*, not in the clause granting the life estate.

There is a great difference between the power to change the form of the decedent's property by the power to sell real estate and the power to dispose of the proceeds of such sale. This distinction is noted in Tague v. Tague (1957), 248 Iowa 1258, 1266, 85 N.W.2d 22, 27, "Continuing the Cooksey case states: 'The will does not limit her to a sale of the property, but gives her the broader power to "dispose" of it if she so elects. This would include a gift.' The power granted by the Tague will is not to 'dispose of' but to 'sell'. 'To sell' as thus used, means to transfer for a consideration." It is not proper to read the power to invade the corpus after sale into the will in the face of a provision in the same sentence limiting the life tenant's interest to the use of and the income from decedent's property.

This provision, in my opinion, cast an entirely different light on the phrase "whatever property remains" and prevents us from construing the will as granting the power to dispose of the proceeds as well as change the form of the property. Only by construing the phrase "whatever property remains" to refer to the kind or nature of the property remaining, rather than the amount, can all provisions of the will be harmonized.