415 So.2d 1061 (1982)
Marion Lloyd WINNER, II, et al.
v.
MARION COUNTY COMMISSION.
81-188.
Supreme Court of Alabama.
May 7, 1982.
Rehearing Denied June 11, 1982.
*1062 C. Harry Green, Hamilton, for appellants.
James K. Davis of Fite, Davis & Atkinson, Hamilton, for appellee.
EMBRY, Justice.
The sole question for review is whether the lease of a building for a term of years, with an option to renew thereafter, is a "sale or disposal" of property within the meaning of Act No. 80-128, a local act requiring competitive bidding for certain property transactions by the County Commission of Marion County.
The Commission entered into a lease agreement with Hamilton Aviation, Inc., on 17 August 1981, wherein the Commission agreed to lease to Hamilton the old Air Force fire station, located on the north ramp of Marion County Airport, for a term of ten years, with the option of Hamilton to renew the lease upon expiration of that period. Plaintiffs, being citizens who also desire to rent the old fire station, filed this action seeking to enjoin the Commission from relinquishing possession to Hamilton under the terms of the lease and, further, to require that the Commission lease the property by open bid in the manner prescribed by Act No. 80-128. The trial court refused this requested relief, granting defendants' motion for summary judgment.
On appeal, the respective contentions of the parties are directed to the single issue of whether the Commission's lease to Hamilton of the old fire station is a property transaction which Act No. 80-128 requires to be accomplished by open bidding. The pertinent provisions of Act No. 80-128 read:
"Section 1. The provisions of this act shall only apply in Marion County.
"Section 2. All contracts for the sale or disposal of real property, tangible personal property, equipment or other items owned by or under the control of the county commission shall be let by free and open competitive bids. The chairman of the county commission shall certify to the description and condition of said property, shall give jurisdiction in writing for the disposal of the property, shall estimate the value of the property and shall keep the certification as a part of the permanent record of the commission.
"Section 2.[1] Every proposal to make a sale covered by this act shall be publicly advertised at least twice at two-week intervals in a newspaper of county-wide circulation and a newspaper of statewide circulation in advance of the date fixed for receiving bids. The advertisements shall state a description of the property to be sold along with the date, time and place of opening of the sealed bids.
"Section 3. All bids shall be publicly owned [sic, opened] and all bidders shall be entitled to be present in person or by representation. Any agreement or collusion among bidders or prospective bidders or any other person in restraint of freedom of competition, by any agreement to bid at a fixed price or to refrain from bidding, shall render the bids of such bidders void and shall cause such bidders to be disqualified from submitting further bids. Any disclosure prior to opening the sealed bids of the terms of a bid shall render the proceedings void.
"Section 4. All proceeds from the sale or other disposition of the property under this act shall be deposited in the general fund of the county.
"....
"Section 6. Any taxpayer of the area within the jurisdiction of the county and any bona fide unsuccessful bidder on a particular contract shall be empowered to bring a civil action in the appropriate *1063 court to enjoin execution of any contract entered into in violation of the provisions of this act." (Emphasis added.)
Plaintiffs contend that by employing the terms "disposal" and "disposition" in conjunction with the word "sale," the Legislature apparently intended to encompass transactions other than a "pure or straight sale," which we take to mean an exchange of property for cash or cash equivalent. Citing numerous reference materials and cases from other jurisdictions, plaintiffs further maintain the term "disposal" implies not only a permanent alienation, but may also denote a temporary transfer, such as a pledge, assignment, mortgage or other passing over of property into the control of another.
Most pointedly apt of the cases advanced by plaintiff is Rider v. Cooney, 94 Mont. 295, 23 P.2d 261 (1933), from which plaintiffs note the following language:
"... When a lease is granted upon the public lands of the state, an interest or estate in the lands has been alienated, and therefore the leasing of the lands of the state for a term of years is the disposal of an interest or estate in the lands within the provisions of our Constitution."
However, that statement is qualified by the preceding sentences of the paragraph from which it is taken, as follows:
"It is contended that even though the leasing of the state lands grants an interest in the land, nevertheless, because at the end of the term the state is reinvested with title and possession, no disposal of the lands is made, and that, therefore, the constitutional prohibition is inapplicable in the circumstances under consideration. It is said that the word `dispose' means `to get rid of, to put out of the way, to finish with, to alienate, to part with.' Webster's Dictionary. If the constitutional prohibition ran only against disposal of the lands and was silent upon the question of the disposal of an interest or estate in the lands, there would be merit to the contention. The constitutional prohibition, however, is against the disposal of the lands, or an interest or an estate therein...." (Emphasis added.)
In any event, we need not look beyond decisions of this court in order to reach a proper construction of the questioned language of Act No. 80-128. In Reynolds v. State, 73 Ala. 2 (1882), this court remarked:
"The words of a statute are to be understood in their popular significance, when nothing appears to the contrary. Mayor, etc. v. Winter, 29 Ala. 651; Thurman v. The State, 18 Ala. 276; Favers v. Glass, 22 Ala. 621 [58 Am.Dec. 272]. To dispose of, in popular sense, when used in reference to property, means to part with the right to or ownership of it; in other words, a change of property. If this does not take place, it would scarcely be said the property is disposed of...."
Applying a broader interpretation in a will dispute, in Stay v. Stay, 201 Ala. 173, 77 So. 699 (1918), this court observed:
"The courts have not committed themselves to any inflexible definition of the words "dispose of," as comprehending a grant of power operating upon property. It seems to be agreed, however, that `dispose of is a more generic term than sell or transfer, and imports a larger power, unless restricted by the context, or by the obvious purpose of the grantor....
"....
"In the present case we can entertain no doubt but that the testatrix intended to arm Mrs. Stay with a plenary power to sell, mortgage, or lease the entire estate at her discretion...." (Emphasis added.)
The limitation of context noted in Stay is of particular importance when the court is called upon to construe statutory language. It is the duty of the court to construe every word in each section of a statute consistent with the other sections in pari materia. State Dept. of Indus. Relations v. Deslattes, 372 So.2d 867 (Ala.Civ. App.1979).
Although the phrases "sale or disposal" and "sale or other disposition" are used in the first sentences of Sections 2 and 4 respectively, *1064 the last sentence of Section 2 refers only to the "disposal" of the property. And the first sentence of the second Section 2 begins: "Every proposal to make a sale covered by this act...."
A logical reading leads one to the conclusion that the Legislature used these terms somewhat interchangeably. Support for this conclusion, based on subsequent usage of the same terminology in the instrument, is drawn from the opinion on rehearing in Rutledge v. Crampton, 150 Ala. 275, 43 So. 882 (1909), wherein it was said:
"Our attention is called to the case of Phelps v. Harris, and authorities there cited and considered in 101 U.S. 370, 26 L.Ed. 855, wherein it is held, and properly so, that the right to sell and dispose of the property gave the right to partition, and wherein a proper distinction is made between the words `sell' and `dispose'; but such cannot be the meaning of the word `dispose' in the case at bar, for the words as used in the will of Bell are synonymous, for, while it says `sell and dispose' of as she may think best, it further says, `either at public or private sale,' thus directing the method of disposition and limiting it to a conveyance,..."
Although Rutledge concerned construction of a will, the rules of limitation by context and by subsequent usage of the same language in such instruments are not dissimilar to those rules of statutory construction governing context limitation and subsequent language.
We do not conclude, however, that the Legislature, used the term "disposal" in Act No. 80-128 quite so narrowly as that term was interpreted to have been employed in Rutledge. Rather, we think the Legislature intended the distinction, referred to in Rutledge, which was drawn by the United States Supreme Court in Phelps v. Harris, 101 U.S. 370, 25 L.Ed. 855 (1879), as follows:
"Now, whilst it may be true that when the words `disposed of are used in connection with the word `sell,' in the phrase `to sell and dispose of,' they may often be construed to mean a disposal by sale; it does not necessarily follow that when power is given generally, and without qualification by associated words, to dispose of property, leaving the mode of disposition to the discretion of the agent, that the power should not extend to a disposal by barter or exchange, as well as to a disposal by sale. The word is nomen generalissimum, and standing by itself, without qualification, has no technical signification.... [T]his would include the power to barter or exchange as well as the power to sell."
Although the Supreme Court in Phelps did not construe "to dispose of" as synonymous with "to sell," we note that the court's "broader" reading of the phrase makes reference only to transactions involving a parting of ownership, such as barter or exchange of property.
Also of significance is the court's reference to "qualification by associated words," a principle which this court has embraced through application of the doctrine of "noscitur a sociis" in construing statutory language. This doctrine holds that where general and specific words which are capable of an analogous meaning are associated one with the other, they take color from each other, so that the general words are restricted to a sense analogous to that of the less general. State v. Western Union Telegraph Co., 196 Ala. 570, 72 So. 99 (1916); C. Sands, Sutherland Statutory Construction § 47.16 (4th ed. 1973).
For the foregoing reasons, we conclude that a "disposal" or "disposition" of property, for which competitive bidding is required in Marion County under Act 80-128, involves a parting with ownership of the property, and would not, therefore, include a lease for a term of years.
We are constrained to comment on one other point raised by plaintiffs. They contend that if Act 80-128 is held inapplicable to the lease in question, the county commission may avoid the requirements of the act as to almost any property transaction by structuring it as a lease, rather than as a sale. However, in determining whether *1065 there has been compliance with Act 80-128, the courts are certainly not limited to deciding whether the form in which the commission has couched a particular transaction constitutes a sale or disposal of property, but may look to the substance of the transaction to determine its true nature. This approach of "substance over form" is often taken by the federal courts in tax cases when holding that certain transactions structured as leases are, in fact, disguised installment sales. 4A J. Mertens, The Law of Federal Income Taxation § 25.109 (1979 Rev.), and cases cited therein.
In the instant case, however, it is unnecessary for us to engage in such an analysis, because plaintiffs have not argued that the specific instrument in question is anything other than what it purports to be, a lease for a term of years.
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
FAULKNER, JONES, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., and MADDOX, ALMON and SHORES, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I respectfully dissent. I cannot agree with the majority that the phrase "sale or disposal" is so narrow as to include only a complete parting of ownership. Previous Alabama cases, as well as cases of other states and of the United States Supreme Court (all of which, curiously, are cited by the majority) have held that the term "disposal of property" means a giving up of control of property, whether complete or temporary, and it clearly has been held a broad enough term to encompass leases for a term of years or otherwise.
In Rider v. Cooney, 94 Mont. 295, 23 P.2d 261 (1933), the Montana Supreme Court held that "the leasing of the lands of the state for a term of years is the disposal of an interest or estate in the lands...." (Emphasis added.) The majority, however, attempts to qualify the holding by quoting the immediately preceeding language of that court. Yet upon close scrutiny of that language, it is quite apparent that it supports my position and the language in the holding of that case. The Rider opinion states: "It is contended that even though the leasing of the state lands grants an interest in the land, ... no disposal of the lands is made.... If the constitutional prohibition ran only against disposal of the lands ..., there would be merit to the contention" (emphasis added). Reynolds v. State, 73 Ala. 2 (1882). In Stay v. Stay, 201 Ala. 173, 77 So. 699 (1918), this Court, as cited by the majority, held that "`dispose of is a more generic term than sell or transfer, and imports a larger power, unless restricted by the context...." The Court concluded by holding that this power included the right to sell, mortgage, or lease. Furthermore, in the present case, there is no "restrict[ion] by the context" to cause one to interpret disposal in any manner other than as it has always been interpreted.
Finally, the majority cites Phelps v. Harris, 101 U.S. 370, 25 L.Ed. 855 (1879), which plainly states that the power "to sell or dispose" would naturally "include the power to barter or exchange as well as the power to sell." This language gives no credence to the majority's holding that "dispose" is interchangeable with "sell."
The very language of the act itself makes it clear that the Legislature intended to cover more than straight sales; otherwise, the phrase "sale or disposal" would have been redundant. Taking the logical meaning of the words used in the act and following prior Alabama Supreme Court interpretations, I can see no other reasonable interpretation of the phrase "sale or disposal" than to say that a lease for a term of years falls squarely within the coverage intended by the Legislature when it passed Act No. 80-128. For these reasons, I feel that the decision of the trial court should be reversed.
MADDOX, SHORES and ALMON, JJ., concur.
NOTES
[1] Through an apparent oversight in drafting, the Legislature designated two sections of the act "Section 2." When the latter of these two sections is discussed in this opinion, it will be referred to as "the second Section 2."